# Gilbreath *v.* The State.

### Arson.

(Decided March 23, 1917.   74 South. 723.)

1. **Arson; Degree; Public Building.**—A dwelling house occupied as a school building is not, under the rule ejusdem generis, a building erected for public use in view of the statute defining arson as to buildings erected for public use.

2. **Same.**—The statute providing that any person who willfully sets fire to or burns any uninhabited dwelling house, shall be guilty of arson in the second degree, manifests a legislative intent to protect the property rather than the habitation or person, and an uninhabited dwelling house used temporarily for school purposes is within the statute.

[Gilbreath v. The State.]

3. **Same; Ownership.**—Where the prosecution was for burning an unoccupied dwelling house used temporarily as a school building, an indictment laying the ownership of the property in the owner of the fee was sufficient.

4. **Same; Indictment; Variance.**—Where the prosecution was for burning an uninhabited dwelling house used temporarily as a school building, an indictment alleging the ownership in a certain person, was not at variance with truth that that person and his son were interested in the property, and had joint control thereof.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

William S. Gilbreath was convicted of arson and he appeals. Reversed and remanded.

ISBELL & SCOTT, and HUNT & WOLFES, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, P. J.—The indictment charges in three counts that the defendant: (1) Willfully set fire to or burned an uninhabited dwelling house of George Reece in which there was at the time no human being; (2) that he "willfully set fire to or burned an academy;" and (3) that he "willfully set fire to or burned a schoolhouse, a building erected for public use." The court instructed the jury that the defendant could not be convicted under the second count, and submitted the case to the jury on the first and third counts of the indictment.

(1) The building in question, as the undisputed evidence showed, was constructed for habitation, and had been recently used as a dwelling by a son of the alleged owner, but had been left vacant for a short time, and up to the time it was burned it was being used by consent of the person who had last occupied it as a dwelling for a schoolhouse. The language of the statute, so far as pertinent, is:

"Any person who willfully sets fire to, or burns any church, meeting house, courthouse, townhouse, college, academy, jail, or other building erected for public use * * * or burns any uninhabited dwelling house," etc.

—is guilty of arson in the second degree. When the rule of ejusdem generis is applied, and it is applicable, we hold that the building in question is not a building erected for public use.—36 Cyc. 1119; 3 Words and Phrases, 2328, 2455; *McGrary v. People,* 45 N. Y. 153. There is no evidence showing that the

building was permanently dedicated to the public for use as a schoolhouse, and whether such dedication would bring the building within the statute is not presented.

As has been often announced: "At common law, arson was the malicious and voluntary, or willful burning of another's house, or, as is sometimes stated, the willful and malicious burning of the dwelling house of another. It was an offense against the security of the habitation, and had reference to the possession, rather than the property. For the reason that the crime related to the habitation, it was considered an aggravated felony and of greater evil than any other unlawful burning, because it manifested in the perpetration a greater recklessness and contempt of human life than the burning of other buildings in which no human being was presumed to be."—2 R. C. L. 496, § 1.

Hence for one to be guilty of arson at common law it was necessary that the building alleged to have been burned was an inhabited dwelling house; and, the purpose of the law being to protect the habitation and the lives of the inhabitants, it was necessary to a good indictment that the ownership of the building be laid in the actual occupant.—2 R. C. L. 511, § 15.

(2) The statute provides: "Any person * * * who willfully sets fire to, or burns any uninhabited dwelling house" is guilty of arson in the second degree. (Code 1907, § 6296.) The word "uninhabited" employed in the statute excludes the idea that the sole purpose of the statute is to protect the habitation or person, and manifests a legislative intent to protect the property of the owner in the "uninhabited dwelling house." The same legislative intent is manifest in the provisions of section 6301, Code 1907.—*Williams v. State,* 4 Ala. App. 92, 58 South. 925; *Garrett v. State,* 109 Ind. 527, 10 N. E. 570; *State v. Shaw,* 79 Kan. 396, 100 Pac. 78, 21 L. R. A. (N. S.) 27, 131 Am. St. Rep. 298; 2 R. C. L. 496, § 1.

(3, 4) The house in question, under the evidence, was none the less "an uninhabited dwelling house" because it was temporarily used for another purpose.—*Thomas v. State,* 116 Ala. 461, 22 South. 666. Under such circumstances it would seem that it is sufficient to lay the ownership of the property in the owner of the fee. All that is required is to exclude the ownership of the defendant.—*Emmonds v. State,* 87 Ala. 12, 6 South. 54.

[Doby v. The State.]

(5) The evidence tended to show that both George Reece and his son Jim Wiley were interested in the property and had joint control of it. Hence the objection that there was a variance between the allegation and proof was not well taken.—*Johnson v. State,* 1 Ala. App. 148, 55 South. 268.

Some of the rulings of the court were not in accord with the principles above stated, and the judgment will be reversed and the cause remanded for new trial.

Reversed and remanded.