## No. 25,143.

THE STATE OF KANSAS, *Appellee,* v. HENRY TURNER, *Appellant.*

### SYLLABUS BY THE COURT.

LIQUOR LAW—*Various Assignments of Error Not Well Founded.* Various assignments of error in an action under the prohibitory liquor law are held not to be well founded.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 10, 1923. Affirmed.

*H. S. Hines,* of Arkansas City, for the appellant.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction under the prohibitory liquor law. The information charged:

"That on the ——— day of April, 1923, in the county of Cowley and state of Kansas, the defendant Henry Turner did then and there unlawfully, felo-

niously, keep and have intoxicating liquors in his possession for personal use or otherwise, and that the said Henry Turner had theretofore on the 14th day of February, 1922, in the District Court of Cowley county, Kansas, been duly convicted of violation of the prohibitory laws of the state of Kansas."

The testimony showed that defendant conducted a small restaurant, near which he resided in another building; that just south of his property is a vacant lot; that in the night of a day of April, 1923, three officers of Arkansas City secreted themselves on the side of the vacant lot; that soon thereafter the defendant came from his house to the vacant lot and picked up a bottle and returned to the house. In a few minutes he came back to practically the same place and hid something in the grass. At that time the officers fired some shots into the air and threw their flash lights on him and identified him. When they did so he ran into the house. The officers went immediately to where the defendant had been and found a three-ounce bottle of corn whisky. They immediately thereafter went into the house and arrested defendant. He waived preliminary examination and was bound over to the district court.

The defendant complains of remarks by the court; of the introduction of certain testimony; the refusal to give instructions requested by him; and the giving of certain other instructions.

1. The county attorney, in referring to the locality of defendant's premises, in his opening statement, said: "I believe the testimony will show that that is a bad district down there." The defendant objected to the statement, whereupon, the court stated: "I suppose the reputation of the community would not have anything to do with it. If you have a reputation on the defendant and on the house it may be shown." There was nothing improper in the remark of the court. However, it appears that the county attorney immediately asked that his objectionable remark be stricken out. No objection was made by the defendant to the remarks of the court, and it is probable the jury gave the matter no consideration. Under all the circumstances it cannot be said that any prejudice resulted to the defendant. Furthermore, error cannot here be predicated upon a matter without having first given the trial court the opportunity to pass upon it. (*Hill v. Railroad Co.*, 113 Kan. 489.)

2. The defendant contends that the court erred in receiving testimony of liquor having been found on the same premises on other occasions. The state contends that this testimony was introduced to

corroborate its claim of defendant's having been in possession of liquor on the night of his arrest. On the part of the defendant it was shown that on the night of his arrest he was sitting at his table eating his supper; that a strange colored man whom he had never seen, either before or since, came into his residence through the front part of the house and into his dining room; that the colored man appeared to be intoxicated and was ordered by the defendant to leave the house; that he went out; that in a short time shots were heard and the colored man came running back into the house; that the defendant again ordered him to leave his premises and that he did so. The defendant urged the theory that the alleged colored man was the one who placed the bottle of corn whisky in the grass at the time that the officers threw the flash light and fired the shots. It was admitted by the defendant that the contents of the bottle were turned over to the chief of police as evidence; that there was an analysis made of it which showed that it was corn whisky. Under all the circumstances we think there was no error in admitting the testimony that the officers had, on previous occasions, found intoxicating liquors on the vacant lot next to defendant's residence and place of business.

3. The defendant insists that the court erred in giving instruction No. 6, which reads:

"Under the law as it now exists the having of liquor in possession is the same violation as the sale of intoxicating liquor. Possession does not necessarily mean that a person charged must actually have the liquor on his person, but he has such liquor in his possession if he has it under his control, where he has the right to go and get it to the exclusion of other people, and where he exercises ownership thereof or the right to control it."

Taken together with the other instructions in the case, instruction No. 6 was a fair statement of the law as to possession. It does not violate the principles announced in *The State v. Metz,* 107 Kan. 593, 193 Pac. 177 as is contended by the defendant.

The defendant is hardly in position to complain of the inadequacy of an instruction where he has made no objection to it, nor requested a fuller instruction. Where the general charge of the court fairly presents the case to the jury, a party who desires an instruction upon a particular question should request it and cannot predicate error upon the omission if he has not done so. (*The State v. Ross,* 77 Kan. 341, 94 Pac. 270; *The State v. Shaw,* 79 Kan. 396, 100 Pac. 78.)

The instructions given by the court, when considered together, fairly presented the case to the jury for consideration.

We have examined other objections but find no reversible error. The judgment is affirmed.