No. 25,573.

THE STATE OF KANSAS, *Appellee,* v. D. F. WOOD, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Information—Indorsement of Witnesses.* On the trial of a criminal action it is not error to permit a witness whose name is not indorsed on the information to testify in rebuttal.

2. LARCENY—*Evidence—Possession of Stolen Property.* The unexplained possession of recently stolen property is *prima facie* evidence of guilt and may be sufficient of itself to warrant a conviction.

3. CRIMINAL LAW—*Substitution of Judges During Trial—Consent of Parties.* In a judicial district court which has two or more judges, it is not reversible error for a judge who hears the evidence and instructs the jury to turn the trial over to another judge of the district court to hear the argument, where the defendant, in a prosecution for a felony, consents thereto.

4. NEW TRIAL—*Improper Argument Before Jury—Conflicting Evidence—Findings of Trial Court Conclusive.* On the hearing of a motion for a new trial, one of the grounds of which motion is improper argument before the jury, where conflicting evidence is introduced concerning the argument, the finding of a trial court who heard the argument that the improper conduct did not occur is conclusive in this court.

5. TRIAL—*Instructions—Necessity to Request.* "Where the general charge of the court fairly presents the case to the jury, a party who desires an instruction upon some particular question should request it, and cannot predicate error upon the omission if he has not done so." (*The State v. Ross,* 77 Kan. 341, 94 Pac. 270, followed.)

Appeal from Greenwood district court, division No. 1; ALLISON T. AYRES, judge. Opinion filed March 7, 1925. Affirmed.

*O. C. Zwicker,* of Eureka, for the appellant.

*C. B. Griffith,* attorney-general, and *J. F. Darby,* county attorney, for the appellee; *J. A. Fuller,* of Eureka, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was prosecuted for stealing an automobile. Judgment was rendered on a verdict of guilty, and the defendant appeals.

1. The defendant argues that error was committed in the admission of the evidence of a Mrs. Kendall, who testified in rebuttal and whose name had not been indorsed on the information. There was evidence which tended to show that the car was stolen during the night of July 18, 1923, and that the car was in the possession of

the defendant on August 21, 1923. His explanation, as testified to by him, was that he had purchased the automobile from Bill Chapman at Pawhuska, Okla., a stranger whom, the defendant said, he had never seen before and had not seen since. A paper purporting to be a bill of sale of the car from Bill Chapman to the defendant was introduced in evidence. Mrs. Kendall was permitted to testify that the signature of Bill Chapman was in the handwriting of her husband, Robert Kendall. There was other evidence which showed that the defendant was well acquainted with Robert Kendall. The evidence of Mrs. Kendall was proper rebuttal, and it was not necessary that her name should have been indorsed on the information.

2. Another matter urged by the defendant is that the evidence was consistent with his innocence. The rule contended for by the defendant is one that obtains where the evidence of the commission of the crime and of the defendant's guilt is wholly circumstantial. Possession of recently stolen property is circumstantial evidence of the guilt of the defendant and is sufficient to sustain a conviction where the possession is unexplained. Where an explanation is given, it breaks down when shown to be false.

3. There are two judges of the district court in Greenwood county, Allison T. Ayres and George J. Benson. The former presided at the trial from its commencement until after the instructions were given to the jury, when, by agreement of counsel, Judge Ayres retired and Judge Benson was called to preside during the argument and receive the verdict of the jury. The defendant now urges that the abandonment of the trial by Judge Ayres and the reception of the verdict by Judge Benson constituted such an error as compels a reversal of the judgment. It may have been irregular for the trial judge to leave the court room after instructing the jury and turn the trial during the argument over to the other judge of that district, but such irregularity was not prejudicial to any right of the defendant. After his agreement that Judge Benson should preside during the argument, the judgment should not be reversed because of the fact that Judge Ayres was not present.

4. Complaint is made of some matters that occurred during the argument. The complaint of the defendant must fail, because the allegations of the defendant concerning what occurred during the argument were denied by the affidavits of counsel on the other side who made the argument, and because the judge who heard the ar-

gument, heard the motion for a new trial, and heard the evidence introduced on that motion, found that the matters alleged to have occurred during the argument did not occur.

5. It is urged that the court committed error in failing to instruct the jury concerning the necessity of the presence of the defendant at the time and place of the commission of the larceny with which he was charged. No such instruction was requested. The defendant attempted to prove that he was at another place when the car was stolen, and for that reason he could not have taken the car. The car was stolen on July 18, 1923. The defendant's abstract shows the following:

"Q. Now, after you drove this car of your mother's around, where were you on the 18th of July? A. Part of the time in Hamilton and Madison; in evening to Olpe, Kan., July 19, 1923."

Hamilton and Madison are in the northern part of Greenwood county in the vicinity of the place from which the car was taken, and Olpe is in the southern part of Lyon county. The other evidence to prove an alibi tended to show that the defendant was at Olpe July 19, 20 and 21, 1923. The evidence, even if true, on which the defendant relied to prove that he was not present when the crime was committed, was not sufficient to establish that fact. All of that evidence was consistent with the guilt of the defendant.

The defendant in his abstract does not present any of the instructions of the court. The plaintiff sets out a portion of the instructions as follows:

"No. 8. Before the state will be entitled to a conviction in this case, it must prove by the evidence, to your satisfaction and beyond a reasonable doubt, the following essential facts: 1st. That the defendant did take, steal and carry away the automobile described in the information, or knowingly aided, assisted or abetted some one else in so doing.

"No. 9. Under the law, any person who aids, assists, counsels or abets another in the commission of a crime is equally guilty with the principal and may be charged and tried and convicted the same as the principal. And in this case you are instructed that if you should believe from the evidence, and beyond a reasonable doubt, that some person other than the defendant knowingly, aided, assisted, counseled or abetted such other person in stealing said car, then you should find him guilty of the offense as charged.

"No. 10 is the usual instruction given on possession of recently stolen property.

"Nos. 11 and 12 are the usual instructions given on circumstantial evidence."

These instructions contained correct statements of law and fairly presented the case to the jury, including the law concerning reason-

able doubt of the guilt of the defendant. If the evidence, after taking into consideration that introduced by the defendant to prove an alibi, had not established the guilt of the defendant beyond a reasonable doubt, the jury, under those instructions, would not have been warranted in finding the defendant guilty. No complaint is made of the failure of the court to give any other instruction, nor of any instruction that was given. In *The State v. Turner,* 114 Kan. 721, 723, 220 Pac. 254, the court used the following language:

"The defendant is hardly in position to complain of the inadequacy of an instruction where he has made no objection to it nor requested a fuller instruction. Where the general charge of the court fairly presents the case to the jury, a party who desires an instruction upon a particular question should request it, and cannot predicate error upon the omission if he has not done so. '(*The State v. Ross,* 77 Kan. 341, 94 Pac. 270; *The State v. Shaw,* 79 Kan. 396, 100 Pac. 78.)'"

The rule followed in *The State v. Turner* has been declared in a large number of cases, the citation of which is unnecessary. The court did not commit reversible error in failing to instruct the jury concerning an alibi.

The judgment is affirmed.