No. 44,370

Kenneth Elton Peterson, *Appellant,* v. State of Kansas, *Appellee.*

(434 P. 2d 542)

Opinion filed December 9, 1967.

*Leonard D. Munker,* of Wichita, argued the cause, and was on the brief for the appellant.

*A. J. Focht,* deputy county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is an appeal from an order denying the appellant's motion to vacate a judgment and sentence imposed by the district court of Sedgwick county. For convenience, appellant will be referred to as petitioner or Peterson.

Peterson, while represented by retained counsel, was convicted by a jury of the offenses of burglary in the first degree (K. S. A. 21-513) and forcible rape (K. S. A. 21-424). Having been previously convicted of a felony, he was sentenced on December 27, 1963, under the habitual criminal act (K. S. A. 21-107a) to consecutive sentences in the state penitentiary. A direct appeal to this court was initiated but never perfected.

On January 25, 1965, petitioner, *pro se,* filed his present motion pursuant to K. S. A. 60-1507. After reviewing the files, the district court, without an evidentiary hearing, made numerous findings and denied the motion on February 11, 1965. An appeal was taken from the ruling, and present counsel was appointed.

The district court found, and it is now conceded by all parties, that petitioner is presently incarcerated under another unexpired sentence which was unsuccessfully challenged by Peterson in postconviction proceedings reported in *Peterson v. State,* 198 Kan. 26, 422 P. 2d 567. Under the circumstances, he is not entitled to chal-

lenge the validity of his present sentence, for even were it found to be void, he would still be confined under the other sentence.

It is firmly established a prisoner may not challenge the validity of a sentence by a motion filed pursuant to K. S. A. 60-1507 where notwithstanding an adjudication finding the sentence void he would still be confined under another sentence. (Rule No. 121(*c*) (1) (2), 197 Kan. LXXIV; *King v. State*, 195 Kan. 736, 408 P. 2d 599; *Whiteaker v. State*, 196 Kan. 583, 413 P. 2d 122; *Lee v. State*, 197 Kan. 371, 416 P. 2d 285.)

Even had the petitioner been entitled to maintain this action, a fundamental rule of appellate review would preclude our considering the three points raised on appeal. None of them was mentioned in petitioner's motion or presented to the district court. This court will not for the first time consider points on appeal which have not been brought to the attention of the trial court. (*Tate v. State*, 196 Kan. 435, 411 P. 2d 661; *Minor v. State*, 199 Kan. 189, 428 P. 2d 760.)

The action, having been improvidently instituted, is remanded to the lower court with directions to dismiss the same.