No. 45,669

KENNETH E. PETERSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(457 P. 2d 6)

Opinion filed July 17, 1969.

*Leonard D. Munker,* of Wichita, argued the cause and was on the brief for the appellant.

*James W. Wilson,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, *Keith Sanborn,* County Attorney, and *A. J. Focht,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the petitioner in a proceeding instituted pursuant to K. S. A. 60-1507. The trial court made findings of fact and conclusions of law denying the petitioner relief.

The three points raised by the petitioner basically constitute trial errors, but in view of the petitioner's contentions have constitutional implications.

The petitioner in his motion relies only upon the transcript of the criminal proceedings resulting in his conviction and sentence to sustain his charges. Throughout these 1507 proceedings the petitioner was represented by court-appointed counsel.

The petitioner, Kenneth Elton Peterson (appellant), is presently before this court on appeal for his third time. His first appearance was in *Peterson v. State,* 198 Kan. 26, 422 P. 2d 567. This was a

proceeding pursuant to K. S. A. 60-1507 seeking post conviction relief from a judgment and sentence entered pursuant to a plea of guilty to robbery in the first degree committed in October, 1959. The points there raised by the petitioner were considered and relief denied.

In December, 1963, the petitioner was tried before a jury on charges of first degree burglary and forcible rape. He was found guilty and sentenced under the habitual criminal act to serve not less than twenty years nor more than forty-two years on the burglary charge, and not less than ten years nor more than forty-two years on the forcible rape charge, the sentences to run consecutively. (This is the conviction and sentence presently under attack.)

In this criminal proceeding the petitioner was represented by retained counsel of his own choosing, and after a motion for a new trial was denied, notice of appeal to the Supreme Court was filed, but his retained counsel was later permitted to withdraw under Rule No. 110 of this court (197 Kan. LXXI), and his appeal was never perfected.

Thereafter the petitioner moved to vacate the judgment and sentence *pro se* under the provisions of 60-1507, *supra.*

The trial court denied relief without giving the petitioner an evidentiary hearing, and on appeal this court remanded the case to the lower court with directions to dismiss. (*Peterson v. State,* 200 Kan. 18, 434 P. 2d 542, cert. denied 390 U. S. 1033, 20 L. Ed. 2d 291, 88 S. Ct. 1429.)

The court there held the petitioner was not entitled to challenge the validity of a sentence by a motion filed pursuant to 60-1507 where, notwithstanding an adjudication finding the sentence void, he would still be confined under another sentence, citing Rule No. 121 (*c*) (1) (2), (197 Kan. LXXV) and cases adhering thereto.

The *McNally* doctrine (*McNally v. Hill, Warden,* 293 U. S. 131, 79 L. Ed. 238, 55 S. Ct. 24), pursuant to which Rule No. 121 (*c*) (2) of this court was originally promulgated, was subsequently overruled by the United States Supreme Court in *Peyton v. Rowe,* 391 U. S. 54, 20 L. Ed. 2d 426, 88 S. Ct. 1549, on May 20, 1968. Thereafter this court amended Rule No. 121 (*c*) to delete subsection (2) as it then appeared, effective June 19, 1968.

Thereafter the petitioner filed a writ of habeas corpus *pro se* in this court. On the 19th day of June, 1968, the write was denied but leave was granted the petitioner to refile his motion to vacate the

sentence in the trial court in Case No. 44,370 (200 Kan. 18), pursuant to 60-1507, *supra.*

In accordance therewith the petitioner filed the motion presently under consideration in the sentencing court, stating the three points upon which he relies for relief as follows:

"1. The Court committed error in allowing the prosecution to invoke the Habitual Criminal Act, K. S. A. 21-107a, in open court and in the presence of the jury.

"2. The Court erred in allowing the prosecution, over the objection of defense counsel, to amend and endorse additional witnesses on the day of trial, for the sole purpose of introducing evidence of a prior criminal act unrelated in time and circumstances.

"3. The Court erred when the presiding judge absented himself from the court and the judicial district prior to the completion of the case and the rendition of the verdict, and in allowing a substitute judge from another division to receive the verdict."

These points challenge the criminal proceeding wherein the petitioner was convicted of burglary and forcible rape in December, 1963.

Inasmuch as the petitioner has never had a review of trial errors as a result of such conviction, we shall consider the points enumerated. (See Rule No. 121 [c].)

The appellant in his first point does not challenge the validity of the habitual criminal act, only the procedure employed by the prosecuting attorney invoking the statute. The purpose of K. S. A. 21-107a is not to assess the guilt or innocence of one charged with crime, but to enhance the punishment of criminal offenders found guilty and shown to have a record of prior crimes.

The appellant contends the prosecuting attorney, prior to making his opening statements, notified the petitioner in the presence of the jury that in the event of conviction he would ask to have the habitual criminal act invoked. On this point the record discloses the following:

"If the Court please, before making my opening statement, the State would like to invoke the habitual criminal act in the event this defendant is convicted. I wish to, at this time, advise the defendant of that fact.

"The Court: All right, thank you."

At that time defense counsel made no objection to the statement of the prosecuting attorney, and the court permitted the statement to go on the record without comment.

It is the appellant's contention that since this statement appeared in the transcript immediately after the *voir dire* examination of the jury, and prior to the prosecuting attorney making his opening statement, with no indication that the statement was made out of the presence of the jury, it must be assumed from the transcript the statement was made in the presence of the jury.

On this point the trial court found:

"1. There is no evidence or indication that the statement made by the prosecuting attorney relative to the Habitual Criminal Act was made in the presence of the jury.

"2. Since the transcript in this case does not indicate that the prosecuting attorney's remarks relative to the Habitual Criminal Act were made in the presence of or outside the presence of the jury, petitioner cannot conclude that they were made in the presence of the jury.

"3. If the statement of the prosecuting attorney relative to the Habitual Criminal Act was made in the presence of the jury, defense counsel made no comment or objection to the statement nor was any motion for a mistrial made at that time."

Counsel presently appearing for the petitioner, both in the sentencing court and on appeal to this court, did not represent the petitioner at the criminal proceeding, and the assistant county attorney of Sedgwick County who prosecuted the case did not present the state's case on appeal. Counsel, therefore, were required to rely strictly upon the transcript. The trial judge, however, presided over the proceeding in the criminal action and later heard the petitioner's motion. He is in the best position to determine the facts.

The petitioner in his motion cites only the page numbers of the transcript to support his charge on this point.

The petitioner relies upon *Ginsberg v. United States,* 257 F. 2d 950, 955 (5th Cir. 1958), for the proposition that the error would have been magnified in its influence on the jury by an objection or motion for mistrial made by counsel for the petitioner at the time the prosecuting attorney made this remark.

This argument, however, does not account for the fact the petitioner failed to raise the point on his motion for a new trial at a time when he was represented by retained counsel. The point was first raised by the petitioner in a 1507 proceeding more than three years after the trial.

If the remarks made by the prosecuting attorney were prejudicial to the appellant under the circumstances presented by this record, the petitioner has failed to make it affirmatively appear.

It is just as logical to assume from the transcript counsel for the petitioner and the state approached the bench, and made the statement in question out of the hearing of the jury. Furthermore, a study of the record reveals the petitioner had no plan to conceal from the jury his prior criminal activity. On the contrary, the petitioner took the witness stand and placed before the jury on direct examination all of his past criminal activities, including burglary committed as a juvenile. He informed the jury at the time of trial he was on parole for robbing an elderly lady.

In his second point the petitioner contends the trial court erred in permitting the state to endorse the names of additional witnesses on the information on the day of trial, over objection, for the purpose of introducing evidence of a prior criminal act unrelated in time and circumstances.

Upon leave of the court the witnesses endorsed by the state were officers of the Wichita police department and four other individuals who were present when the petitioner was apprehended by the Wichita police department as an alleged "peeping tom." The charges on this incident were pending in a lower court at the time the petitioner was tried, and counsel then retained by the petitioner to represent him in these criminal proceedings also represented him in the "peeping tom" matter.

The testimony of these witnesses was presented during the state's case in chief over the objection of defense counsel. The testimony of these witnesses could not have been a surprise to the petitioner's then retained counsel.

In his brief counsel for the petitioner shifts his argument to the nature of the testimony of these witnesses, rather than confining his argument to the point raised on appeal—the alleged abuse of discretion of the trial judge in permitting the endorsements.

Counsel for the state in presenting the matter to the trial court, upon the state's motion to endorse the names of these witnesses on the information, said he had only learned of the existence of these witnesses the day prior to the trial and thereupon filed his motion. Under the circumstances, the trial court permitted the endorsements.

This court has held time and again that the endorsement of additional names of witnesses on the information, even during the trial, rests in the sound discretion of the trial court, and material prejudice in the ruling must clearly be shown before it constitutes

reversible error. (*State v. Lopez*, 182 Kan. 46, 318 P. 2d 662, and cases cited therein.)

This case was tried in December, 1963, prior to the effective date of the new code of civil procedure, and K. S. A. 60-455 was not then in force.

Under the circumstances shown by the record herein, we cannot say the petitioner was materially prejudiced by the decision of the trial court permitting the endorsement of additional witnesses by the state on the information.

Was the petitioner prejudiced by the substitution of another judge to receive the verdict?

At the close of the evidence and after the case had been argued and submitted to the jury, before a verdict was returned, the presiding judge absented himself from the court. Judge Howard Kline of division No. 2 of the district court of Sedgwick County, Kansas, without agreement or stipulation of counsel, received the verdict of the jury. Judge B. Mack Bryant was present throughout the entire case, with the exception of the rendition of the verdict, which was received by Judge Howard Kline. When the jury returned to the court room Judge Kline addressed the jury as follows:

"Members of the jury, you are wondering why I am sitting here. I am Judge Kline. Judge Bryant had to leave to go up to Manhattan to pick up his daughter who is getting home this evening from school. He had to drive up there. He didn't want his wife driving in this weather by herself, so I told him I would accept the verdict. Mr. Foreman, have you arrived at a verdict?"

No objection or comment was made by defense counsel and the jury's verdict of guilty was accepted by the court. The question was not raised in the petitioner's motion for a new trial.

In *State v. Wood*, 118 Kan. 58, 233 Pac. 1029, the trial judge left the court room after instructing the jury and turned the trial, during the argument, over to the other judge of that district. The court there held where the defendant in a felony prosecution consents thereto the irregularity is not reversible error.

An extended discussion was undertaken by Justice Burch in *State v. Keehn*, 85 Kan. 765, 118 Pac. 851. There, after the jury had retired to deliberate, in open court the defendant and his counsel agreed with the state that the judge of the court might return to his home in Troy, Kansas, and in the event the jury reached a verdict before his return, the verdict could be received by a lawyer

residing in Seneca, Kansas. The verdict was returned in the absence of the judge and was received by the designated lawyer. On request the jury was polled and each juror responded that the verdict was his verdict. No objection was made to the verdict or the proceedings by the defendant or his counsel. The argument of the defendant in that case is similar to the petitioner's argument presented here.

The court there recognized cases in the jurisdictions of this country were divided on the subject (See annotation in 83 A. L. R. 2d 1032 entitled "Substitution of judge in criminal case," Subsection 2 [e]—After retirement of jury; reception of verdict), but held, concluding the better rule to be, that unless there has been some prejudice to the substantial rights of a defendant, a verdict should not be set aside because of a mere irregularity amounting to a technical defect. (See, K. S. A. 62-1718.)

As in *Keehn* this case is one in which the presence of the judge at a proceeding involved no judicial action. The conduct of the petitioner and his counsel in the criminal proceeding was equivalent to a waiver of the presence of the judge. We have no hesitation in holding that, absent objection by the defendant in a criminal proceeding, his waiver of the presence of the judge under the circumstances here presented is lawful, and that the substantial rights of the defendant were in fact observed as fully as if the verdict had been returned in open court with the judge who heard the case presiding.

After carefully reviewing the record presented by petitioner on appeal, we hold the petitioner has failed to sustain the burden of showing he was prejudiced in any of the particulars asserted, and the trial court did not err in denying him relief.

The judgment of the lower court is affirmed.