MAUDE A. BRIGHAM, executrix, *vs.* A. INGHAM BICKNELL, executor.

Suffolk.    November 22, 1923. — January 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Partnership*, Accounting.

Where, in a suit in equity for a partnership accounting, it is determined that the interest of the partner represented by the defendant should be charged with the sum of $1,000 which the defendant should have invested but did not invest at the inception of the partnership in 1894, and with interest on that sum from the time of the formation of the partnership, the plaintiff is not entitled to the whole of said sum with interest, but it is to be paid in to the partnership fund and becomes one of the partnership assets of which the plaintiff is entitled only to his share as a partner on liquidation of the affairs of the partnership.

BILL IN EQUITY, filed in the Superior Court on October 31, 1919, and afterwards amended, against the executor of the will of Aril A. Wetherbee, late of Lexington, seeking an accounting " of the business dealings of the plaintiff [Henry A. Davis] and said Wetherbee with each other from on or about August 1, 1894, to February 11, 1919, as partners, and the business transacted by them, or either of them, and that the defendant, as the legal representative of the estate of said Wetherbee, deceased, be ordered to restore to the plaintiff, as the surviving member of said firm or partnership, any sum or sums found due from or on account of said Wetherbee."

The suit previously was before this court on an appeal by the plaintiff from decrees of the Superior Court and is reported under the name *Davis* v. *Bicknell*, 244 Mass. 352. A rescript was issued as described in the opinion.

Thereafter the plaintiff Henry A. Davis died and the executrix of his will, Maude A. Brigham, was admitted to prosecute the suit in his stead. The suit then was further heard after rescript by *McLaughlin*, J., who made findings of fact, and by whose order there was entered the final decree described in the opinion. The plaintiff appealed.

*J. K. Berry*, for the plaintiff.

*A. D. Radley*, for the defendant.

CARROLL, J. When this case was before us, *Davis v. Bicknell*, 244 Mass. 352, it was decided that the plaintiff was entitled to an accounting on the basis of equality and that the defendant should be charged with the sum of $1,000, with interest thereon from August 1, 1894, to the date of the dissolution of the partnership. The rescript directed that the interlocutory decree was to be modified by sustaining the plaintiff's fifth exception to the master's report; and the final decree was reversed, the case to stand for further proceedings in the trial court not inconsistent with the opinion.

On the plaintiff's motion for further proceedings after rescript, the judge of the Superior Court restated the partnership account, including in the partnership assets the $1,000 which Wetherbee was to pay with interest from August 1, 1894, to February 11, 1919, amounting to a total of $2,471.67, crediting to Wetherbee's estate one half of the net assets and finding that the net amount due from Wetherbee's estate to Davis's estate was $882.48. A final decree was entered thereon, from which the plaintiff appealed.

The findings and the decree were not inconsistent with the former decision of this court. The sum of $1,000, with interest, was due to the partnership; it was one of its assets; this sum was not a debt of Wetherbee's estate to the Davis estate, as claimed by the plaintiff. Wetherbee and Davis were equal partners, they were to share equally in the profits and losses of the partnership business; at its termination they were to share equally in the distribution of its assets, and the amount due from the Wetherbee estate was correctly stated in the account as an asset of the partnership.

There is nothing in *McMahon* v. *Brown*, 219 Mass. 23, which supports the plaintiff's contention. In *Livingston* v.

*Blanchard,* 130 Mass. 341, Livingston was to contribute the entire cash capital invested in the business; and the profits, after the payment of expenses including interest on the capital, were to be divided equally. It was decided that, on the dissolution of the firm, Livingston (or the plaintiff as the executrix of his will) was entitled to repayment of the capital contributed by him, before the defendant was entitled to receive anything as profits; and that " The amount of profits was ascertainable only by deducting from the assets left, after paying the expenses of the business, the amount of the capital invested."

In the case at bar Davis was not to pay the entire capital; he was to contribute certain machinery and stock in trade, and Wetherbee was to contribute $1,000 in cash. They were, as found by the master, equal partners; and in accordance with the other findings as to sharing losses and profits and the distribution of the assets, the amount which Wetherbee failed to pay the firm was a part of its assets, and it did not belong to the plaintiff's estate. The plaintiff's share in the firm's property was stated properly in the account. The decree of the Superior Court is affirmed, with costs of this appeal taxed against the plaintiff.

*So ordered.*