WERNER et al. v. MITCHELL.   (No. 9021.)

Court of Civil Appeals of Texas. Galveston. Jan. 13, 1928.

Rehearing Denied Feb. 9, 1928.

1. Partnership ⬩⟹344 — Money judgment for plaintiff was unauthorized, where evidence showed him indebted to partnership for balance of contribution.

In suit by a partner to establish and recover interest of one-third in business and for accounting and recovery of profits, money judgment for plaintiff in named amount was unauthorized, where undisputed evidence showed him indebted to partnership for balance agreed to be contributed by him.

2. Appeal and error ⬩⟹1170(12)—Error in awarding money judgment to partner held not to require reversal of judgment establishing interest in business, where claims were severable (Court of Civil Appeals rule 62a).

In suit by partner to establish and recover partnership interest and for accounting and recovery of profits, error in awarding money judgment to plaintiff *held* under Court of Civil Appeals rule 62a, not to require reversal of judgment establishing his one-third interest in partnership business, where claims were severable.

Appeal from District Court, Harris County; Ray F. Campbell, Judge.

Action by W. L. Mitchell against H. E. Werner and another. From a judgment for plaintiff, defendants appeal. Affirmed in part, reversed in part, and remanded for new trial.

Homer Stephenson, of Houston, for appellants.

King, Battaile & Sonfield, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellants H. E. Werner and J. H. Mitchell to establish and recover an alleged partnership interest of one-third in a business enterprise conducted in the city of Houston under the firm name and style of Werner-Mitchell Machine Works, and for an accounting and the recovery of one-third of the profits of said business, alleged to have been converted by the defendants.

Plaintiff's petition alleges, in substance: That in July, 1911, he and the defendant Werner, who is plaintiff's brother-in-law, entered into an agreement to establish a machine shop in the city of Houston to be owned and operated by them as equal partners, each to have an equal share in the profits of the enterprise and equal responsibility for its losses. That in pursuance of such agreement they came to Houston in August, 1911, purchased a lot in the city, and established a machine shop business thereon, which has been ever since conducted under the firm name and style of Werner-Mitchell Machine Works. That plaintiff put in $400 in cash and devoted several months of his time and labor in installing the necessary machinery and starting the operation of the business. That the business was then turned over to defendant Werner to be operated by him for the joint benefit of both of them, plaintiff to receive one-half of the profits after Werner had received from the business a reasonable salary for his services in conducting it. That Werner furnished the machinery with which the business was started, and which cost about $1,700, and when plaintiff turned the business over to Werner to operate, it was agreed that plaintiff's balance of one-half of the original cost of establishing the business was $750, and that this amount should be retained by Werner out of plaintiff's one-half of the profits of the business. That in April, 1916, defendant, J. H. Mitchell, purchased from Werner and plaintiff a one-third interest in the business, for which he paid the sum of $1,700, which was applied to the payment of the indebtedness of the business.

It is then alleged: That plaintiff has only received the sum of $90 from the profits of the business, and that defendant Werner has applied $1,500 of plaintiff's share of the profits in discharge of plaintiff's original indebtedness to the business, and that both of the defendants have refused to allow plaintiff to examine the books of the business or to render him an accounting, and are denying his partnership interest therein and conspiring to acquire plaintiff's interest at a nominal sum. That plaintiff is informed and believes that the business has made large profits, and is now worth, with the lot upon which it is conducted, the sum of $25,000.

Plaintiff prayed that a one-third interest in the business be adjudged to him, and that defendants be required to make a full and complete accounting of all moneys received and disbursed by the business and a full list of all its property and assets; that defendants be restrained from disposing of the money or other assets of the business pending a final hearing of the suit; that a receiver be appointed to take charge of the property and books of the business; and that plaintiff recover of defendants the profits due him by the business which have been converted by the defendants, and which he alleges to be the sum of $15,000.

The defendants answered by general demurrer and numerous special exceptions, the nature of which it is unnecessary to here state. They also denied generally all of the allegations of the petition and specially denied that a partnership was ever consummated between plaintiff and the defendants, or either of them. They further pleaded, in substance: That while an executory agreement to form a partnership for the establishment and operation of a machine shop in the city of Houston under the firm name and style of Werner-Mitchell Machine Works, to be managed and controlled by the defendant Werner, was entered into by plaintiff and the defendant Werner in July, 1911, and for that purpose a lot was purchased in said city and a building erected thereon, and the sum of $2,250 invested in the lot, building, and machinery necessary for the establishment of said business, and that defendant Werner in full compliance with his said agreement has continuously since said time given his best efforts to the establishment and upbuilding of the business, that plaintiff only contributed the sum of $272.95 of the amount invested in the business and rendered no assistance to defendant in the construction of the building and establishment of the business. That it was agreed between plaintiff and defendant Werner that plaintiff, who was a school teacher, would continue to teach for nine months and would contribute $62.50 per month out of his salary for that time to be used in the establishment and operation of the business, and at the expiration of the nine months plaintiff would cease teaching school, return to Houston, and engage jointly with Werner in carrying on the machine shop business, upon terms and conditions to be then agreed upon. That no definite arrangement was made between the parties other than above stated. That plaintiff failed to perform any of his obligations or any part of his agreement, did not contribute to the business any of the salary received by him for teaching, nor any money, property, or thing of value, except that during two or three summers while his school was in vacation, he assisted the defendant in carrying on the business, but during such time defendant Werner maintained plaintiff and his family, which was a fair and adequate compensation for the services rendered by plaintiff.

The answer further avers: That from the establishment of the business in 1911 until March, 1914, it was in a languishing, bankrupt condition and was only saved from failure by the untiring efforts and the skillful management of defendant Werner and by the contribution to its capital of $2,500 in March, 1914, by defendant, J. H. Mitchell, who was induced by defendant Werner to

come to Houston and take charge and control of the business. That since said time the business has been carried on by the defendants, and plaintiff at no time advised defendant, Mitchell, that he claimed a one-third interest in the business as a partner or was interested in the business except as a creditor to the extent of $270. That defendants have received no benefit from having the name of the plaintiff on their stationery, and it was not intended in keeping his name thereon to admit his partnership interest, but it was kept thereon "because it was understood that plaintiff might desire to come in and negotiate a partnership agreement," and defendants aver that "they are now and have always been ready, willing, and able to agree upon a reasonable, equitable partnership basis." That for the services rendered by the defendants in conducting the business they are each entitled as reasonable compensation to the sum of $350 per month. That defendant Werner has drawn from the business since its establishment in 1911 only the sum of $120 per month, and defendant, J. H. Mitchell, has drawn since he became connected with the business the sum of $110 per month.

The defendants prayed that plaintiff take nothing by his suit, and in the alternative, if a partnership be shown, that defendants receive all sums advanced by them as alleged, together with a reasonable compensation for their services; that they be awarded an accounting, adjustment of equities, settlement, and distribution, and for equity and general relief.

The case was tried with a jury and was submitted upon special issues. In response to the issues submitted, the jury found that the plaintiff and the defendant Werner in 1911 entered into an agreement to form a partnership; that in 1914 plaintiff and defendants Werner and Mitchell agreed to form a partnership; that the value of plaintiff's services in aiding in constructing the building and installing the machinery therein, when the business was established in 1911, was $150. And the value of services thereafter rendered by plaintiff in carrying on the business was $819.35, and that plaintiff had only received from the business the sum of $90.

Upon the return of this verdict the court rendered judgment establishing plaintiff's one-third partnership interest in the business, and further adjudging and decreeing:

"That plaintiff do have and recover of and from the partnership assets the sum of $969.35, but that there be deducted from this said sum $90, leaving a balance of $879.35, together with legal interest on $150 of this said sum from July 20, 1911, and legal interest on the balance, to wit, $729.35, from October 1, 1920, for the collection of which execution shall issue.

"It is further ordered, adjudged, and decreed that defendants individually and collectively are enjoined and restrained from disposing of, or attempting to dispose of, any of the property, money, or other assets in any wise belonging to the partnership known as the Werner-Mitchell Machine Works; from withdrawing from deposit, or in any wise using, or disposing of, or attempting to use or dispose of, any of the money or other assets belonging to said partnership, except such amounts as shall be necessary to be used in the payment of current expenses incident to the operation of said business, and the usual and customary wage of employees necessary in the conduct of said business and in payment of a salary to defendants which is in no instance to exceed the sum of $300 per month; that they be further enjoined and restrained from molesting, tampering with, destroying, removing, or hiding out any of the books, bank books, canceled checks, used check books, or any other papers or documents pertaining to said business pending final determination of this cause on appeal, should same be appealed, or until this judgment becomes final."

Appellants' brief contains numerous assignments and propositions attacking the judgment upon various grounds. It would serve no useful purpose to set out and discuss these propositions in detail. Some of them are not presented in such manner as to require our consideration, and we shall only decide the questions presented which we deem material in determining the disposition of the appeal.

We cannot agree with appellants in the contention that the evidence is insufficient to sustain the verdict and judgment establishing appellee's one-third partnership interest in the Werner-Mitchell Machine Works business. While the findings of the jury only establish an agreement to form the partnership, the overwhelming, if not the undisputed, evidence shows that the agreement was consummated and the partnership between plaintiff and defendant Werner, which began upon the establishment of the business in 1911, has continued to exist, and that in 1914 the defendant, J. H. Mitchell, was by agreement between himself, plaintiff and defendant Werner admitted into the partnership, each of the three partners having thereafter a one-third interest in the business.

[1] We do agree with appellants in the contention that the evidence is insufficient to sustain the money judgment in favor of appellee. The jury were probably justified in finding from the evidence that appellee's services rendered the partnership business were reasonably worth the amount found by the verdict, but it being shown by the undisputed evidence and appellee's own admissions that he was indebted to the partnership in at least the sum of $750, the balance of the amount agreed to be contributed by him in the creation of the partnership, the amount due him for his services in establishing and carrying on the business should be first ap-

plied to the payment of the amount due by him under the partnership agreement.

He sues to establish his' one-third interest in the partnership business and its assets and to recover a one-third interest in the profits of the business. Under his contract as alleged and proved by him, his portion of the profits was to be first applied to the payment of the $750 due by him, balance on his one-half of the original capital of the firm. If his portion of the profits of the business was not sufficient to discharge his original indebtedness to the partnership, he is not entitled to recover a one-third interest in the business and also the value of the services rendered the business by him.

From the state of the record, which is confusing and conflicting on the question of the past and present condition of the business, we are not authorized to find what, if anything, appellee is entitled to recover on his prayer for an accounting, or whether appellants are entitled to recover on their like prayer.

[2] It follows from these conclusions that, in our opinion, the money judgment in favor of appellee must be reversed. But we do not think this requires a reversal of that portion of the judgment establishing appellee's one-third interest in the partnership business. The two claims are severable, and, under rule 62a, the judgment can only be reversed in part.

Our conclusion is that the portion of the judgment establishing appellee's interest in the business should be affirmed, and that portion awarding him a recovery of $879.35, with interest, should be reversed and remanded for a new trial in which a full accounting between the parties should be had, and for which purpose we suggest the propriety of the appointment of an auditor.

Affirmed in part, and reversed and remanded in part.