[Civil No. 4401. Filed November 24, 1941.]

[119 Pac. (2d) 240.]

HERBERT ALLEN, Appellant, v. B. S. WHITING, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. Guy Axline and Mr. F. Ray Brown, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court of Navajo County making a partnership accounting between B. S. Whiting, plaintiff, and Herbert Allen, defendant. The undisputed facts may be stated as follows:

On November 25, 1938, an agreement was entered into between Allen, Whiting and one Ted M. Rasco, dissolving a partnership theretofore existing between Allen and Rasco, and creating a new partnership between Allen and Whiting, the latter purchasing the interest of Rasco in the previous partnership. The agreement stated that the partnership assets of Allen and Rasco were as follows:

"That the partnership assets between the parties of the first and second part now consist of fifty-eight (58) head of cows branded A Bar X (A–X) and ZZ (ZZ), and twenty-nine (29) head of calves branded ZZ (ZZ); camp equipment; one wagon; a pack outfit; two (2) mules, one branded ZZ (ZZ) and one unbranded; four (4) geldings; one (1) mare; harness; and miscellaneous tools";

and that Whiting purchased Rasco's interest therein for $825. It was stipulated in regard to the new ownership as follows:

"That the party of the first part shall include in the assets of said joint venture his interest in the former partnership with the party of the second part; and the party of the third part shall put into such joint venture the partnership assets of the party of the second part this day purchased from the party of the second part by the party of the third part."

On January 28, 1939, Allen and Whiting divided a certain portion of the assets of the partnership set forth as above. Whiting took approximately twenty-three head of cattle branded ZZ, Allen taking twenty-two (22) head in the same brand. In addition Allen took to his range all of the cattle branded A–X, being some twenty-five (25) in number, but Whiting contends this last was not done as a division of assets but merely for the purpose of pasturage. There was also some five or six cattle in the two brands which were left on the range. On November 1, 1939, Whiting brought this suit for a dissolution of the partnership and an accounting. Allen answered admitting the partnership, but claiming that it had been dissolved and its affairs settled by the division of assets on January 28, as above set forth, and alleging as an affirmative defense that the A–X cattle had been included as an asset of the partnership by a mutual mistake of the parties, and that Whiting had no interest therein, notwithstanding the terms of the partnership agreement. In support of this defense he offered in evidence what is known as a "partido agreement" with one J. C. Carlisle, dated February 26, 1935. The vital part of this agreement is as follows:

"The party of the first part agrees to furnish to the party of the second part, the following decribed range stock, and the party of the second part agrees to care

for them the same as they were his own. He agrees to see that they have feed, salt and pay taxes, and at the end of six (6) years, the party of the second part agrees to turn to the party of the first part two head for each one received. The party of the first part further agrees to deliver this stock free of any lien or incumbrance:

| | |
|---|---|
| Old Cows | 5 Head |
| Young Cows | 17 Head |
| 1 Year Old | 7 Heifers |
| 2 Yearling | 2 Steers |
| 1–2 Year Old | 1 Steer |
| 7–Calves | 7 Head |
| 1–Bull | 1 Head |

"All of the above stock is branded A–X on right ribs, ear mark [ear mark symbol]."

He also introduced the partnership agreement between himself and Rasco, dated December 5, 1936, the material part thereof being as follows:

"That the parties hereto hereby mutually agree with each other that they do hereby form a Co-partnership with each other for the purpose of operating a livestock business. That hereafter all cattle branded A–X and ZZ are to be operated jointly by these two parties and all expenses of operations are to be equally divided and all receipts and profits made shall be equally divided between the parties hereto."

It was his position that at the time Whiting bought out Rasco's interest in the partnership and entered into the new partnership agreement in December, 1938, he was well aware that all of the A–X cattle belonged to Carlisle, and that neither Allen nor Rasco had any authority to include them in the new partnership.

Whiting denied any previous knowledge of the agreement between Allen and Carlisle, or Allen and Rasco, though he did admit that he knew the A–X brand belonged to Carlisle. The trial court found as follows:

"That heretofore on the 25th day of November, 1938, plaintiff and defendant entered into a partnership,

which said partnership was evidenced by an agreement in writing as set forth in said complaint; that the plaintiff fully complied with all of the terms and conditions of said partnership agreement; that all the assets of said partnership are as described in said memorandum agreement and since the date of entering of said partnership, neither of the parties hereto have added anything to the capital set-up of said copartnership; that some time prior to the filing of the above entitled action, the plaintiff and defendant had a partial division of all the assets belonging to said copartnership with the exception of thirty-four (34) head of cows and yearling calves branded A–X, which cattle the defendant retained for his own use and ever since said dissolution has refused to account for the same; that the said thirty-four head of cattle branded A–X are partnership assets and that the reasonable value of said cattle is the sum of *thirty dollars* ($30) per head."

and rendered judgment in favor of Whiting for $510.

The real question is whether Allen is bound by the terms of the partnership agreement to account to Whiting for the value of the A–X cattle which he stated therein were included as an asset of the partnership.

It is urged by Allen that he had no right to include as partnership assets property belonging to another and that, as a matter of law, all of the A–X cattle belonged to Carlisle.

The partido agreement is fairly common among southwestern cattlemen and we have discussed its nature in the case of *Martinez* v. *Garcia,* 43 Ariz. 243, 30 Pac. (2d) 501. The relationship created by such an agreement is that of bailor and bailee and the title to the cattle covered thereby, together with their increase, remains in the original owner of the cattle until the termination of the agreement, when a division is to be made according to its terms.

If this were an action between Carlisle and his grantees on the one side, and Whiting on the other,

there can be no doubt that the latter could not deny the legal title to the A–X cattle was in Carlisle. This action, however, is based on the theory that Allen represented to Whiting that certain property was an asset of the partnership between him and Rasco, and that Whiting, relying on such representation, purchased the interest of the latter in the partnership for a valuable consideration. We think under such circumstances the real issue is not who the A–X cattle actually belonged to, but whether Allen did represent to Whiting that they were an asset of the partnership, and whether Whiting, in good faith, purchased his interest in the partnership believing such representations to be true. If he did, we think Allen would be bound to account to the partnership for the value of the cattle whose ownership, as an asset of the partnership, he had misrepresented. *Werner* v. *Mitchell,* (Tex. Civ. App.) 2 S. W. (2d) 477; *Brigham* v. *Bicknell,* 247 Mass. 412, 142 N. E. 51.

The trial court, by its findings, has shown that it believed there was no mutual mistake in the inclusion of the A–X cattle as an asset of the partnership, but that Allen represented to Whiting that they were assets, and the latter, in good faith, when he purchased his interest therein believed and relied upon that representation. There is evidence in the record from which the court could reasonably make such findings, and we are, therefore, bound thereby. If the findings are accepted as true, the judgment of the trial court making the accounting and rendering judgment in favor of Whiting is necessarily correct.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.