[Civil No. 4711. Filed December 11, 1944.]

[154 Pac. (2d) 990.]

WM. A. EPPERSON, Appellant, v. D. BARNARD and BEN F. McKINNEY, Appellees.

Messrs. Clark & Clark, for Appellant.

Mr. J. S. Smith and Mr. E. Elmo Bollinger, for Appellees.

ROSS, J.—This is an action for damages for a breach of contract to sell and deliver to plaintiff Epperson 178 head of Hereford range cattle. The complaint shows that of the number so claimed to have been bought by him 130 were delivered and paid for at the stipulated price, and for the 48 head defendants failed and refused to deliver plaintiff asks for damages as and for alleged breach of the contract.

The defendants Barnard and McKinney contend that the contract itself fixed the measure of damages for failure to fully perform it, and that in accordance with the terms of the contract they tendered into court for plaintiff the amount so admitted to be due.

The case went off on the pleadings, no evidence whatever being introduced. The court took the view that for the breach of the contract two remedies were open to the plaintiff, one being a forfeiture of a portion of the down payment, and the other an option to gather the 48 head from the range, and that plaintiff having included in his complaint an item representing the balance of the claimed forfeiture, along with numerous other items of damage, had elected to take the forfeiture.

This is the second time the case has come before us. We dismissed the first appeal because when it was taken no judgment had been entered. The record then disclosed that the court had construed the contract as giving to plaintiff Epperson one of two remedies, that is, that he could bring an action to recover $176 of the forfeit money of $712, or he could go upon the

range and collect the 48 head still undelivered, paying therefor $55 per head, less cost of gathering, but no judgment was rendered. The case was remanded for further proceedings, and thereafter the court on November 26, 1943 entered judgment that plaintiff Epperson take nothing and that defendants recover their costs. The plaintiff has appealed.

The contract itself is rather crudely and loosely drawn, as may be seen from its terms. We set it out here.

"Agreement of Sale and Purchase of Livestock

Kingman, Arizona

"This agreement entered into this 7th day of July, 1941 by D. Barnard and Ben F. McKinney of Kingman, Mohave County, Arizona, hereinafter called the sellers, and Wm. A. Epperson of Chloride, Mohave County, Arizona, hereinafter called the purchaser, for the consideration of $712.00 and no/100, forfeit payment made by the purchaser. Immediately upon payment of the agreed forfeit payment the contract is from that date until completed in full force and effect and if the purchaser fails to comply with the terms of the contract herein set forth the sellers may retain the forfeit payment as liquidating damages. If the sellers fail to comply with the terms of the contract, the forfeit payment shall immediately be returned to the purchaser or he may proceed to gather the livestock to be sold under this contract, paying for the cattle gathered in accordance with the terms of this contract, less reasonable amount for the expense in gathering the cattle. The above referred to forfeit payment is to apply on the purchase price of the cattle gathered at the rate of $4.00 per head and to be deducted from the price paid for the cattle until the entire forfeit payment of $712.00 has been used.

"The sellers agree to sell and the purchaser agrees to purchase one hundred seventy-eight head of cattle consisting of cows, bulls, calves and yearlings . . . , and the purchaser agrees to pay therefor at the rate of $55.00 per head, to be paid at the time of delivery.

"One hundred thirty, more or less, of the above cattle are now gathered and shall be received by the purchaser on or before July 10th, 1941, and shall be paid for at the above price at that time of delivery; the balance shall be gathered and delivered not later than November 1, 1941 and will be received by the purchaser in bunches not smaller than ten head at any one time.

. . . . . . . . . .

"The cattle later found are to be delivered and received at McConico at a convenient time between this date and November 1, 1941.

"The purchaser agrees to re-brand the above mentioned cattle in one of his own brands.

"Dated at Kingman, Arizona, this 7th day of July, 1941."

The meaning of this contract is the question for decision. As we understand such contract Barnard and McKinney, sellers, agreed to sell and deliver to Epperson, purchaser, 178 head of Hereford range cattle for $55 per head, 130 head to be delivered on or before July 10, 1941, and the balance of 48 head not later than November 1, 1941, and Epperson agreed to buy and pay for such cattle on delivery at said price. Epperson also agreed that he would forfeit $712 as liquidated damages if he failed to perform his contract, but that if the contract was performed according to its terms, the $712 advance payment should be applied on the purchase price of cattle, at the rate of $4 per head, until all of it is used. The agreement on the part of the sellers is that if they fail to comply with their contract, they will immediately return to Epperson the $712, or, if he elects, "he may proceed to gather the livestock to be sold under this contract," paying therefor the price above quoted "less reasonable amount for the expense of gathering the cattle."

One hundred thirty head of cattle were delivered by the sellers and paid for by the buyer at the price

stated. As to the balance of the cattle, the contract provides they "are to be delivered and received at McConico (railroad station) at a convenient time between this date (July 7, 1941) and November 1, 1941." This covered 48 head of the cattle.

The contract, as we construe it, gives the purchaser two remedies as against the sellers for failure to deliver the 48 head. The purchaser may declare a forfeiture of the down payment of $712 or he may gather the 48 head from their range and pay therefor $55 per head, less reasonable expense of gathering. The purchaser Epperson, after incurring an expenditure of $50 preparatory to gathering the 48 head, as he alleges, abandoned that idea and brought this action for damages in the sum of $2481, which he alleges he has sustained.

■■ As above indicated, the trial court held that Epperson was entitled to the return of only $176, the balance of the down payment of $712 after deducting therefrom $4 per head for 130 head delivered and paid for. In this we think the court was wrong, since the contract itself says, "If the sellers fail to comply with the terms of the contract the forfeit payment ($712) shall be returned to the purchaser." We think clearly Epperson was entitled under the contract to the $712 forfeit payment. He was not entitled to general damages as prayed for in his complaint, but must be satisfied to accept the damages stipulated in the contract for failure on the part of the defendants to perform their contract. The fact that he included in his complaint $176 of the forfeit money as an item of his damages amounted to an election on his part.

■ The rule of law seems to be: "Where the promise is in the alternative, the promisor is required to perform one or the other promise in one of the

ways specified." 17 C. J. S., Contracts, p. 935, § 455, headnote.

The judgment is reversed and the cause remanded with directions that further proceedings be had not inconsistent with this opinion.

McALISTER, C. J., and STANFORD, J., concur.