406 P.2d 419

**ALLEN D. SHADRON, INC., an Arizona corporation, Appellant.**

v.

**Richard E. COLE, Appellee.***

**No. 2 CA–CIV 16.**

Court of Appeals of Arizona.

Oct. 15, 1965.

Rehearing Denied Nov. 8, 1965.

Review Granted Dec. 1, 1965.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7420. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Hall, Jones, Hannah & Trachta, by Russell E. Jones, Tucson, for appellant.

James M. Murphy, John U. Vinson, Tucson, for appellee.

KRUCKER, Chief Judge.

Appellee, Richard E. Cole, the plaintiff below, entered into a written contract dated January 1, 1959, with the appellant, Allen D. Shadron, Inc., defendant below, as a real estate salesman for the defendant corporation. We will refer to the parties as they appeared in the trial court.

Defendant corporation was a licensed real estate broker, engaged in the general real estate business in Tucson, Arizona, and plaintiff was a licensed real estate salesman.

The contract could be terminated at any time by either party, by written or verbal notice to the other party. Provision was made in the contract for three types of commission.

"3. The Salesman agrees to work diligently and with his best efforts to sell, lease, or rent any and all real estate listed with the Broker, to solicit additional listings and customers for said Broker, and otherwise promote the business of serving the public in real estate transactions, to the end that each of the parties hereto may derive the greatest profit possible.

\* \* \* \* \* \*

"5. \* \* \* When the Salesman shall perform any service hereunder, whereby a commission is earned, said commission shall, when collected, be divided between the Broker and Salesman, in which division the Salesman shall receive fifty (50%) percent, and the Broker shall receive the balance, with the following exceptions:

\* \* \* \* \* \*

"The Salesman shall be entitled to receive additional commissions as follows: Whenever the Salesman's portion of the sales commissions received by him as above provided, for the calendar year, shall reach the sum of $5,000.00, the Broker shall set aside in a commission reserve account to the credit of the Salesman the last $250.00 of its portion of its commissions; the Broker shall likewise set aside in said account twenty (20%) percent of its portion of additional sales commissions earned by the Salesman. On any sale in excess of $75,000.00, it shall be left to the discretion of the Broker as to whether or not the above additional commissions shall be paid. The balance in said account credited to the Salesman shall be paid to him on the last day of the calendar year."

Our problem evolves from the sentence extracted from paragraph 5 above. The 50% commissions provided for, plus the other commission on sales after commissions reached $5,000.00—amounting to $587.13—were paid in full to plaintiff. This appeal deals only with commissions on sales in excess of $75,000.00, and these commissions amounted to $3,133.00. There is no dispute between the parties as to the amount. The trial court entered judgment for the plaintiff in this amount and defendant appeals. The trial court made findings of fact and conclusions of law, which were entered by the court, pertinent portions of which are as follows:

"That as part of the employment agreement dated January 1, 1959 which was signed by the parties hereto, the defendant had the right and discretion to pay a bonus or additional commission to its salesmen on any sale exceding the sum of $75,000.00;"

"That the actions of the plaintiff did not amount to a breach of the contract."

"That the defendant, in exercising its discretion to pay an additional commission or bonus on any sale made by the plaintiff in excess of $75,000.00, became indebted to the plaintiff in the sum of $3,133.00;"

"That the plaintiff is entitled to judgment against the defendant in the sum of $3,133.00."

We must determine whether there was an obligation to pay plaintiff the commission on sales in excess of $75,000.00. Appellant argues that such payment was discretionary on the part of the defendant—that there was no binding or effective promise or agreement to pay the additional commissions on sales in excess of $75,000.00, and no subsequent binding agreement whereby the defendant became obligated to pay plaintiff these additional commissions.

The trial court found that discretion had been exercised in the discussion between the parties on January 4 or 5, 1960, and we quote from the transcript of testimony as follows:

"* * * before I left he agreed that evening, * * * that he would pay me these bonuses and that would be it and we would go ahead and transact business as usual."

 . The trial court found as a fact that there was an agreement in January to pay the commission in question. However, we hold that this agreement was nudum pactum.

Since the payment of the commission in question was discretionary with the defendant, we hold that it was in the nature of a gift. Essential elements of a gift are that the donor manifest a clear and unmistakable intent to give the property to the party claiming as donee, and that he pass to the latter before his death the possession and control of the thing given. McNabb v. Fisher, 38 Ariz. 288, 299 P. 679 (1931).

The essential elements of a gift inter vivos are that the donor manifest a clear intent to give to the party claiming as donee and give to the latter before death full possession and control of the property. Goff v. Guyton, 86 Ariz. 349, 346 P.2d 286, (1959).

To constitute a completed or valid gift, the donor must intend to relinquish the right of dominion over the property and create it in the donee, and his intention must be to make a present gift. A mere inten-

tion to give in the future will not be sufficient. Stewart v. Damron, 63 Ariz. 158, 160 P.2d 321, (1945).

There was no delivery or parting with possession by the donor and therefore there was no gift.

The judgment of the trial court is reversed and the appellant shall recover its costs.

HATHAWAY, Judge, and LEE GARRETT, Superior Court, Judge, concur.

NOTE: The Honorable John F. Molloy having requested that he be relieved from consideration of this matter, Judge Lee Garrett was called to sit in his stead and participate in the determination of this decision.