419 P.2d 520

**ALLEN D. SHADRON, INC., an Arizona corporation, Appellant,**

v.

**Richard E. COLE, Appellee.**

**No. 7420–PR.**

Supreme Court of Arizona.

In Banc.

Oct. 26, 1966.

**342**

Hall, Jones, Hannah & Trachta, Tucson, for appellant.

James M. Murphy, John U. Vinson, Tucson, for appellee.

STRUCKMEYER, Chief Justice

This action concerns certain commissions earned by appellant as a real estate salesman for appellee under a written contract of one year's employment. Appellee recovered a judgment in the trial court and, on appeal to the Court of Appeals, that court reversed, 2 Ariz.App. 69, 406 P.2d 419. We vacated its opinion and affirmed the judgment. Shadron, Inc. v. Cole, 101 Ariz. 122, 416 P.2d 555.

The undisputed evidence establishes that appellee, during the final two months of the contract, did not perform in that he did not devote his full time and services as a real estate salesman to his employment. In our decision in this cause, we quoted from the contract to the effect that the contract could be terminated

"'at any time by either party hereto, by verbal or written notice given by the other; but the rights of either of the parties to any commissions earned, which

accrued prior to termination shall not be divested thereby.'"

101 Ariz. 122, 416 P.2d 555, 557.

and stated:

"We do not think that Cole is in a worse position if he, in effect, terminated the contract by failure to give full performance than he would have been had he given notice that he was terminating."

101 Ariz. 122, 416 P.2d 555, 557, 558.

Shadron calls our attention in its motion for rehearing to the fact that the contract further provided:

"* * * if the termination is by the Salesman, then he shall not be entitled to and shall not receive additional commissions as may be set aside in the commission reserve account * * *."

It is therefore true, as Shadron urges, that if Cole had terminated the contract by verbal or written notice he would have been in a worse position since he would not have been entitled to the additional commissions.

This contract was not terminated by either party by verbal or written notice. If anything, Cole abandoned the contract by failure of performance during the months of November and December of 1959. It is to be emphasized that Shadron did not claim nor does it urge here that it was damaged by the breach of the contract.

In its motion for rehearing, Shadron urges that Cole, in effect, terminated the contract by his breach and that, therefore, the breach deprived Cole of any right to receive additional commissions at a later date in the absence of a new consideration. We do not so understand the law. The rule that a party who has failed to perform his contract cannot recover on the contract for part performance applies only to entire and indivisible, and not to severable, contracts. There may be a recovery on the contract for part performance of a divisible contract. We said, in Cracchiolo v. Carlucci, 62 Ariz. 284, 157 P.2d 352:

"Where there has been part performance and there is a breach of a promise

which goes to only a part of the consideration and the breach may be compensated for in damages, the breach does not relieve the other party from his obligation to perform his promise." 62 Ariz., at p. 292, 157 P.2d, at p. 355.

In Carrig v. Gilbert-Varker Corp., 314 Mass. 351, 50 N.E.2d 59, 147 A.L.R. 927, the rule was extensively discussed, the court there saying in part:

"It is a general rule that one who has breached an entire contract to be performed for an entire price cannot recover either on the contract or upon a quantum meruit, save in certain instances in building contracts of which the present case is not one, [citation of cases] but *that where the contract consists of several and distinct items to be furnished or performed by one party, the consideration to be apportioned to each item according to its value and as a separate unit rather than as a part of the whole, then the contract is severable or divisible.* [Citation of cases] * * * We think the contract was a divisible one, and that the refusal of the contractor to construct the fifteen houses included in the contract, which were in addition to the twenty houses erected by the contractor, did not bar the contractor from recovering *the unpaid balance* for work done and materials furnished in contructing the twenty houses. [Citation of cases]" 314 Mass. 351, 357, 358, 50 N.E.2d 59, 63 (Emphasis supplied.)

In the present case, we think the contract was a divisible one. Cole was to be paid by a fifty per cent division of the real estate commission earned on sales which he effected with the added percentages as disclosed in the original opinion. The commissions here sought to be recovered were on sales completed under the contract at the time Cole breached the contract. Accordingly, under the rule cited, he was not barred from recovery for part performance.

Shadron further reargues its position, which was disposed of in the prior opinion. We have examined these arguments and, finding nothing that would convince us that the decision was in error, we do not consider them grounds for reconsideration. Climate Control, Inc. v. Hill, 87 Ariz. 201, 349 P.2d 771.

Judgment affirmed.

BERNSTEIN, V. C. J., UDALL, and McFARLAND, JJ., concur.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this case.