416 P.2d 555

**ALLEN D. SHADRON, INC., an Arizona corporation, Appellant,**

v.

**Richard E. COLE, Appellee.**

**No. 7420–PR.**

Supreme Court of Arizona

In Banc.

July 13, 1966.

Opinion Supplemented on Denial of Rehearing Oct. 26, 1966.

See 101 Ariz. 341, 419 P.2d 520.

Hall, Jones, Hannah & Trachta, Tucson, for appellant.

James M. Murphy, John U. Vinson, Tucson, for appellee.

STRUCKMEYER, Chief Justice.

Appellant Allen D. Shadron, Inc., an Arizona corporation, and appellee Richard E. Cole entered into a written agreement in which appellant, a duly registered real estate broker, agreed to employ appellee as a real estate salesman. Appellee brought this suit to recover certain commissions allegedly due under the contract and, after trial to the court without a jury, judgment was entered in the amount prayed for by Cole.

Essentially, the agreement provided that after January 1, 1959, Shadron would make available to Cole all current listings and that Cole share with other salesmen such facilities as the office furnished. Cole would work diligently and with his best efforts to sell, lease or rent any and all real estate listed with Shadron and obtain other listings. As between Shadron and Cole, real estate commissions were to be divided fifty per cent to each with certain exceptions.

By Paragraph 5, Cole was entitled to receive additional commissions. It was specifically provided:

"The Salesman shall be entitled to receive additional commissions as follows: * * * On any sale in excess of $75,000.00, it shall be left to the discretion of the Broker as to whether or not the above additional commissions shall be paid."

Seemingly, the last quoted sentence was inserted to protect Shadron in the event there were unusual expenses in consummating the transaction.

There were four sales in excess of $75,000 and Shadron refused to pay the additional commissions. The trial court found, in its second conclusion of law, that Shadron, in exercising its discretion to pay an additional commission on the sales in excess of $75,000, became indebted to Cole in the amount of his claim. To support this mixed finding of fact and conclusion of law, Cole points to a conversation held between himself and Allen D. Shadron in which Allen D. Shadron stated that he would pay the disputed additional compensation, but the next day he changed his mind.

This evidence amply supports the trial court's determination and its Conclusion of Law No. 2. Where findings of fact and the judgment of the trial court are supported by evidence, they will not be disturbed and will be sustained on appeal. American Surety Company of New York v. Nash, 95 Ariz. 271, 389 P.2d 266; Nordale v. Fisher, 93 Ariz. 342, 380 P.2d 1003; Gomez v. Dykes, 89 Ariz. 171, 359 P.2d 760, 82 A.L.R.2d 1093; Speedway Enterprises v. Hartsell, 75 Ariz. 36, 251 P.2d 641; Allen v. Whiting, 58 Ariz. 273, 119 P.2d 240.

However, Shadron argues that as a matter of law the quoted sentence gives him an unlimited and unrestricted discretion, that the promise is, therefore, illusory and in effect no promise at all. It is, of course, true that an illusory promise lacks mutuality of obligation, a nudum pactum, which is merely another way of stating that the particular promise is void because of lack of consideration. Spooner v. Reserve Life Insurance Co., 47 Wash.2d 454, 287 P.2d 735.

Shadron points to such statements and the cases supporting it as found in 1 Williston, Contracts § 43 (3rd ed.):

"One of the commonest kind of promises too indefinite for legal enforcement is where the promisor retains an unlimited right to decide later the nature or extent of his performance. This unlimited

choice in effect destroys the promise and makes it merely illusory."

We do not think that Shadron had an unlimited choice. The clause:

"The Salesman shall be entitled to receive additional commissions as follows: * * *"

is unequivocal which, if standing alone, would entitle Cole to the commission. The subsequent sentence modified the promise by limiting additional compensation on sales of $75,000 or over to those instances where Shadron decided whether such additional compensation should be paid. This was a promise to make a decision. It gave Shadron alternatives—an election to pay or not to pay. The election of alternatives is one which Shadron must make under the terms of the contract. He might elect either one of two choices but elect he must. The promise to make an election is not a nudum pactum since it is supported by the mutual promises and the considerations supporting the whole agreement.

 Shadron stresses that the word "discretion" gives an unlimited free choice. The word "discretion" must be read in the light of the context in which it is used. While the power of decision was left entirely with Shadron and was not to be made by Cole or by a third person or agency, this does not mean there is an unlimited power to choose arbitrarily. Discretion is the freedom to act according to one's judgment. Reedy v. Reedy, 175 Kan. 438, 264 P.2d 913. The use of the word "discretion" required Shadron to act on sound judgment since it excludes arbitrary, unreasonable or oppressive acts. Beers v. Atlas Assur. Co., 215 Wis. 165, 253 N.W. 584. By the use of the word "discretion", Shadron was permitted to act without control but it could not exercise arbitrary or capricious judgment or abuse its power. Camp v. Corn Exchange National Bank, 285 Pa. 337, 132 A. 189. While a court would not control the exercise of Shadron's discretion, it would require the exercise of that discretion.

 In the instant case, Shadron decided that the additional commission should be paid. The general rule is that, where a promise is in the alternative, the promisor is required to perform one or the other promise. Epperson v. Barnard, 62 Ariz. 105, 154 P.2d 990. We can think of no satisfactory reason why a promisee should not enforce through the courts performance of an alternative, if selected, merely because no further performance would be required had the discretion been otherwise exercised. Where an election has been made, the obligation becomes absolute and determinate, Thomas v. Cloyd, 110 Mont. 343, 100 P.2d 938; and where there is an election of one of the alternatives in a contract, all the rights as between the parties attach as from the making of the contract. Becker Roofing Co. v. Carroll, 37 Ala.App. 385, 69 So.2d 295.

 Shadron further urges that Cole did not work diligently and with his best efforts to sell, lease or rent the real estate listed with Shadron and that, therefore, Cole breached the contract and that he could in no event recover the additional compensation. It is a fact that Cole did not devote his full time to Shadron's business after October 15, 1959. However, the facts also establish that the additional compensation was earned prior to October. Paragraph 7 of the contract provided that the contract could be terminated,

"at any time by either party hereto, by verbal or written notice given by the other; but the rights of either of the parties to any commissions earned, which accrued prior to termination shall not be divested thereby."

If Shadron had chosen to terminate the contract because of a material breach, Cole would not have been divested of his rights to commissions. We do not think that Cole is in a worse position if he, in effect, terminated the contract by failure to give full

performance than he would have been had he given notice that he was terminating.

The opinion of the Court of Appeals is vacated and the judgment of the superior court is ordered affirmed.

Affirmed.

BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this case.