504 P.2d 69

### The STATE of Arizona, Petitioner,

v.

### The Honorable Joe JACOBSON, Judge of the Superior Court IN AND FOR the COUNTY OF PIMA, State of Arizona, Respondent;

and

### Terry Paul DAVIS, Real Party in Interest.

### No. 2 CA–CIV 1328.

Court of Appeals of Arizona, Division 2.

Dec. 19, 1972.

Rehearing Denied Jan. 17, 1973.

Review Granted Feb. 27, 1973.

Rose Silver, Pima County Atty., by A. Bates Butler, III, Deputy County Atty., Tucson, for petitioner.

Ed Bolding, Pima County Public Defender, by Darwin J. Nelson, Asst. Public Defender, Tucson, for real party in interest.

KRUCKER, Chief Judge.

The State seeks relief in this court by way of special action to review the respondent court's denial of its motion for leave to file an addendum to an indictment. We are of the opinion that the respondent

court abused its discretion in denying the motion, under the circumstances of this case, and since the State is left without a remedy, we consider it appropriate to intervene at this juncture of the proceedings.

The respondent real party in interest, hereinafter referred to as defendant, was indicted on five counts of burglary and one count of unlawful possession of marijuana. The indictment was filed August 31, 1972, and approximately one week later defendant plead not guilty to the charges. The case was set for trial October 17, 1972. On September 18 the petitioner, hereinafter referred to as State, sought leave to add an addendum to the indictment to allege defendant's prior conviction of grand theft.

Appended to the State's motion was a copy of the addendum and a certified copy of the judgment of conviction of grand theft. The matter was set for hearing on September 25, 1972, at which time defense counsel opposed the State's motion. He urged the court to refuse to exercise its discretion for the reason that since the defendant was facing, if convicted, the possibility of six consecutive sentences and the State was considering filing two or three more charges, no useful purpose would be served by allowing the filing of an addendum. He further argued that the filing of the addendum would, if the defendant were convicted on the pending charges, deprive the court of some discretion as to sentencing. The State conceded that consecutive sentences could expose the defendant to imprisonment of more than one hundred years and that it was considering filing four more charges, but argued:

"However, by alleging the prior offense this increases the minimum punishment above one year which it would be right now, and we do think that the charges are sufficiently grave to warrant, and the offense is sufficiently grave to warrant allowing the State to file the prior offense, and we believe that in the interest of justice that the State should be allowed to file the prior offense in this case since [defense counsel] has failed to state any reason other than this makes things rougher for the defendant, so I would request this Court to grant our motion."

The court, in denying the motion, stated:

"This man is faced with enough in the judgment of this Court, so we will deny the motion to add the addendum to the indictment.

The County Attorney is privileged to file these other matters."

■ A.R.S. § 13–1649, as amended, prescribes an increased punishment for a subsequent conviction when a defendant has been previously convicted within this State. The provisions of this statute as to increased punishment for a multiple offender is mandatory. State v. McGriff, 7 Ariz. App. 498, 441 P.2d 264 (1968). In 1969, the legislature of this State amended the statute in some particulars not pertinent here, and also by addition of the following provision:

"C. The court in its discretion may allow the allegation of a prior conviction at any time prior to trial, provided that when the allegation is filed, the state must make available to the defendant a copy of any material or information obtained concerning the prior conviction."

Our Supreme Court, in the recent decision of State v. Russell, 108 Ariz. 549, 503 P.2d 377 (filed November 21, 1972), recognized that under A.R.S. § 13–1649, subsec. C, the trial court has discretion in allowing allegations of prior convictions to be added to an information. It has also recently held that a prior conviction may not be filed after a plea of guilty has been entered on the principal charge. State v. Nunez, 108 Ariz. 484, 502 P.2d 361 (1972).

Prior to the enactment of A.R.S. § 13–1649, subsec. C, our criminal statutes and rules of criminal procedure were silent as to the appropriate time for filing an allegation of a prior conviction. Rule 134(A), Rules of Criminal Procedure, 17 A.R.S., prohibits an allegation of a prior convic-

tion in an indictment or information unless it is necessary to charge an offense under Rule 115 or to enable the court to fix the punishment for an offense. Rule 180 concerns itself with pleas to allegations of prior convictions—the effect of a plea of guilty and trial of such issue if a defendant pleads not guilty. Rule 255 requires omission of reference to the prior conviction when an indictment or information is read to the jury if the defendant has admitted it. Rule 291 requires submission to the jury of the issue of prior conviction when the defendant has not admitted it provided they find him guilty of the offense with which he is charged.

Thus, we see that prior to 1969 there was no provision for filing an allegation of a prior conviction after an information or indictment had been filed. We presume that the legislature was aware of the existing laws and rules when it amended A.R.S. § 13–1649. Arizona State Board of Directors for Junior Colleges v. Phoenix Union High School District of Maricopa County, 102 Ariz. 69, 424 P.2d 819 (1967). As a practical matter, we note that trial judges allowed the filing of amendments charging prior convictions prior to trial. *See,* e. g., State v. Holman, 88 Ariz. 280, 356 P.2d 27 (1960); State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965).

■■ The purpose of habitual criminal statutes is to enhance the punishment of criminal offenders shown to have a record of prior crimes. Peterson v. State, 203 Kan. 959, 457 P.2d 6 (1969); State v. Bonner, 81 N.M. 471, 468 P.2d 636 (1970). Trial of the prior conviction issue is for the purpose of determining a defendant's status as a habitual offender and it is not part of the trial of the principal offense. State v. Custer, 240 Or. 350, 401 P.2d 402 (1965).

■ We agree with the State that whether or not to file an allegation of prior conviction is a matter left to the discretion of the prosecutor. State v. Spellman, 104 Ariz. 438, 454 P.2d 980, supplemented, 104 Ariz. 597, 457 P.2d 274

(1969); State v. Reed, 187 Neb. 792, 194 N.W.2d 179 (1972). Defendant, in support of the ruling below, contends that an addendum to an indictment to charge a prior conviction is not permissible. In State v. Fogel, 16 Ariz.App. 246, 492 P.2d 742 (1972), we held that an amendment of substance to an indictment returned by the grand jury is not permitted, i. e., the consent of the grand jury is required to amend an indictment to charge new and different matters of substance. This principle is inapposite as to filing of an allegation of a prior conviction where, as here, the prior conviction is not part of the offense charged. People v. Roberson, 167 Cal.App.2d 429, 334 P.2d 666 (1959); People v. Nasworthy, 94 Cal.App.2d 85, 210 P. 2d 83 (1949). In the case of People v. Mays, 205 Cal.App.2d 798, 23 Cal.Rptr. 605 (1962), vacated on other grounds, 374 U.S. 490, 83 S.Ct. 1883, 10 L.Ed.2d 1047, reaffirmed, 228 Cal.App.2d 842, 40 Cal.Rptr. 619 (1964), the court indicated that it was the duty of the prosecutor to move to amend an indictment to allege two priors and the duty of the court to grant it. In that case, the court sustained the allowance of an amendment to the indictment on the day of trial.

■ Here, the State's motion was filed approximately one month prior to the date set for trial. There is no question as to the timeliness of the motion. Although A.R.S. § 13–1649, subsec. C is not expressed in mandatory language and the ultimate decision is committed to the discretion of the court, this does not mean that there is unlimited power to choose arbitrarily. The word "discretion" excludes arbitrary or unreasonable acts. Allen D. Shadron, Inc. v. Cole, 101 Ariz. 122, 416 P.2d 555, rehearing denied, 101 Ariz. 341, 419 P.2d 520 (1966). We believe the respondent court's ruling was arbitrary and unreasonable. In fact, it may be characterized as being a substitution of the court's judgment for that of the prosecutor in a matter which has been left to the discretion of the latter. The only legislatively-imposed limitation upon the prosecutor is that allegations of

priors be filed prior to trial and that the defendant be furnished information relative thereto. We are of the opinion that mere speculation as to possible consequences if defendant were convicted of all pending charges did not justify denying the State's motion.

The trial court is directed to enter an appropriate order not inconsistent herewith.

HATHAWAY, and HOWARD, JJ., concur.