NO. 07-05-0352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 28, 2006
_____

RUDY P. VALLEJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408528; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

_____**MEMORANDUM OPINION**


Appellant, Rudy Vallejo, appeals his conviction for the offense of aggravated sexual assault of a child and life sentence.   We affirm.

Background

Appellant worked at the City Water Department where he met Jennifer Moore.  After dating Moore for several years, appellant moved in with Moore and her daughter from a previous marriage.  In February of 2005, Moore observed an incident between appellant

with her daughter that caused Moore to become concerned about appellant's interaction with her daughter. Moore asked her stepfather to install a security camera above her daughter's sleeping area. Moore's stepfather installed a system that would record the sleeping area and send the video to Moore's computer. Moore would then review the video while appellant was at work. Soon after Moore began reviewing the video, Moore observed a recording of appellant fondling Moore's daughter while she slept. Moore reported the incident to the police and surrendered her computer to the police as evidence. Based on the digital recording, appellant was charged with two counts of indecency with a child and one count of aggravated sexual assault of a child.

At trial, appellant pled guilty to the two counts of indecency with a child, but pled not guilty to the aggravated sexual assault of a child charge. During the trial, Moore, her daughter, and a police officer testified to observing on the digital recording appellant placing his mouth on Moore's daughter's vaginal area. Further, a condensed version of the digital recording showing the alleged improper contact was introduced into evidence and shown to the jury. The jury returned a guilty verdict and the trial court sentenced appellant to life in the Institutional Division of the Texas Department of Criminal Justice.

Appellant raises two issues on appeal contending that the trial court should have entered directed verdicts based on legally and factually insufficient evidence.

Applicable Law and Analysis

The standard of review applicable to the denial of a motion for directed verdict is the same as that applied in reviewing the sufficiency of the evidence. Williams v. State, 937

2

S.W.2d 479, 482 (Tex.Crim.App. 1996); Madden v. State, 799 S.W.2d 683, 686 (Tex.Crim.App. 1990) (challenge to the trial judge's ruling on a motion for an instructed verdict is a challenge to the sufficiency of the evidence). When reviewing challenges to both the legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient to support the verdict, we then review the factual sufficiency challenge if one is properly raised. See id. at 133.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and credibility of the evidence. Jackson, 443 U.S. at 319. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. Guevara v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). Furthermore, the standard of review is the same for both direct and circumstantial evidence. Id.

Appellant's sole contention is that, as there was no testimony of actual contact of appellant's mouth with Moore's daughter's vaginal area nor direct digitally recorded evidence clearly showing contact, the evidence was insufficient to prove each element of the offense of aggravated sexual assault of a child.[1] However, the police officer who

---

[1]Appellant was charged with aggravated sexual assault by "intentionally and knowingly caus[ing] the sexual organ of . . . [the] child who was then and there younger

3

reviewed the tape, Moore, and the victim all testified that it appeared that appellant's mouth contacted the victim's vagina. Further, the jury also had the opportunity to view the digital recording. Though the evidence is circumstantial, the State presented evidence to the jury covering all the elements of the offense. Viewing the evidence in light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We conclude that the verdict is based on legally sufficient evidence.

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be factually insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. In performing a factual sufficiency review, we are to give deference to the fact finder's determinations involving the credibility and demeanor of witnesses. Id. at 481. We may not substitute our judgment for that of the fact finder unless the verdict is clearly wrong or manifestly unjust. See id. at 481-82. An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence

than 14 years of age, and not the spouse of the said defendant, to contact the mouth of the said defendant." See TEX. PENAL CODE ANN. § 22.0211 (Vernon Supp. 2005).

that appellant claims undermines the jury's verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Moore testified that her suspicions were raised by appellant's interaction with her daughter and that the camera recorded appellant touching her daughter during the middle of the night.   Further, the jury was able to review the condensed recording and were able to evaluate appellant's actions and intentions.  Appellant contends that the evidence is too weak to prove beyond a reasonable doubt that his mouth came in contact with the victim's vagina.  Specifically, appellant points to cross examination where the witnesses testified that they could not actually see appellant's mouth coming into contact with Moore's daughter's vaginal area.  Appellant further contends that the digital recording fails to clearly show his mouth on Moore's daughter's vagina, and thereby concludes that the State failed to sufficiently prove all the elements of the offense.  Although the digital recording which recorded from above the victim's bed did not have an angle that could clearly show appellant's mouth contacting the victim's vagina, the recording did show appellant moving aside the victim's shorts before moving his head toward the victim's midsection.  Viewing the recording of appellant's actions at night while the victim was asleep, the jury could have concluded that his actions were consistent with the alleged offense.   Since the jury's judgment is not clearly wrong or manifestly unjust, we will defer to the jury's determination and conclude that the evidence is not so weak as to fail to support the verdict beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 481.  After reviewing all the evidence in a neutral light, and giving deference to the jury's determinations involving the credibility and demeanor of witnesses, see id. at 481, we conclude that the jury was rationally justified in

5

finding defendant guilty beyond a reasonable doubt.  See id. at 484.  We conclude that the trial court did not err in denying appellant's request for a directed verdict for insufficient evidence.

## Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

Do not publish.