501 P.2d 377

The STATE of Arizona, Appellee,

v.

Robert Allan NORGARD, Appellant.

No. 2361.

Supreme Court of Arizona.
In Banc.
Sept. 28, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

O'Dowd, Fahringer & Diamos, by Clay G. Diamos, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Robert Allan Norgard, pled guilty to the charge of first degree burglary in the nighttime, ARS § 13–302, subsec. B with priors, ARS § 13–1649, subsec. A, par. 1. Under ARS § 13–302, Norgard would have been subject to a sentence for from one (1) to fifteen (15) years. Under ARS § 13–1649, because of his prior convictions, he became subject to a sentence of from ten (10) years to life.

Norgard had originally pled not guilty. Five days before trial was scheduled, the County Attorney's office filed a motion for leave to add addendum to the information alleging prior felony convictions. The motion was granted the day before the trial date without opposition by the defendant. On the day of trial Norgard changed his plea to guilty. In consideration for the guilty plea to the burglary charge in the present case, the State dismissed a grand theft charge and a charge of petty theft with a prior.

Two questions are presented to this court on appeal. (1) Did the trial court abuse its discretion in granting the State's

motion to file allegations of prior convictions? (2) Did the operation of § 13–1649, as applied to the facts in the present case, deprive the defendant of due process of law under the fourteenth amendment of the United States Constitution?

■ In response to defendant's first question, we can find no law supporting his contention that it was an abuse of discretion to grant a motion adding allegations of priors on the eve of trial. ARS § 13–1649 states:

"The court in its discretion may allow the allegation of a prior conviction *at any time prior to trial* . . . ." (emphasis added).

Defendant reasons that since ARS § 13–1649 is criminal, it must be strictly construed so that the court would have had to require that the County Attorney's office give reasons for filing so close to trial. The language of the statute does not suggest that this is required nor does the case defendant cites in support. State v. McGriff, 7 Ariz.App. 498, 441 P.2d 264 (1968). *McGriff* was primarily concerned with the question of proof of the allegations of prior convictions.

■ Reasonable plea bargaining has been approved by this court. State v. Bridges, 12 Ariz.App. 153, 468 P.2d 604 (1970). Assuming *arguendo* that the record supported the defendant's contention that the late filing was intended to encourage him to enter a plea, there is nothing in the record to indicate that the bargain was not reasonable or that he did not knowingly and intelligently enter into it. Norgard was fully advised of the consequences of his guilty plea and the possible range of punishment.

■ Defendant's second argument appears to be directed to the question of the voluntariness of his plea. He alleges that the State's waiting until the eve of trial to file an allegation of priors had a "chilling" effect" on the exercise of his constitutional right to go to trial on the burglary charge and cites Shapiro v. Thompson, 394 U.S.

618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) in support. *Shapiro* cannot reasonably be extended to cover the present situation.

For the reasons set forth above, the judgment and sentence appealed from are hereby affirmed.

CAMERON, V. C. J. and STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., concur.