515 P.2d 27

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Joe JACOBSON, Judge of the Superior Court in and for the County of Pima, State of Arizona, Respondent;**

and

**Terry Paul DAVIS, Real Party in Interest.**

**No. 11138–PR.**

Supreme Court of Arizona,
En Banc.

Oct. 23, 1973.

Rose Silver, Former Pima Co. Atty., Dennis W. DeConcini, Pima Co. Atty. by A. Bates Butler III, Deputy Co. Atty., Tucson, for petitioner.

Edward P. Bolding, Pima County Public Defender by Darwin J. Nelson, Deputy Public Defender, Tucson, for real party in interest.

HAYS, Chief Justice.

On or about August 31, 1972, the Pima County Grand Jury returned a six-count indictment against one Terry Paul Davis, the real party in interest in the instant case, and hereinafter appellant. At that arraignment, on September 5, 1972, appellant plead not guilty to five counts of burglary and one count of unlawful possession of marihuana. The Pima County Attorney's Office, hereinafter appellee, sought leave to add an addendum to the indictment. The addendum would allege a prior felony conviction of appellant and thus, pursuant to A.R.S. § 13–1649 as amended, would make increased punishment mandatory. The statute mandates an increased sentence for a subsequent conviction when the defendant has been previously convicted in this state.

After a hearing before the Honorable Joe Jacobson, Judge of the Superior Court in and for Pima County, appellee's motion was denied. An order evidencing said denial was entered as a minute entry of September 25, 1972. Since A.R.S. § 13–1712 as amended provided no right of appeal to the State, appellee filed a petition for special action in Division Two of the Court of Appeals. Appellee argued that the trial court had abused its discretion under A.R.S. § 13–1649(C) as amended, in denying appellee's request to add the addendum. This contention was accepted by the Court

of Appeals and the relief appellee sought was granted. 18 Ariz.App. 538, 504 P.2d 69 (1972). Appellant then filed a petition for review in this court.

Appellant raises one issue: that A.R.S. § 13–1649(C) as amended gives the trial court discretion in granting such an addendum, and that in the instant case no abuse of discretion took place. We are persuaded that appellant's position is correct and therefore we vacate the decision of the Court of Appeals.

The effect of A.R.S. § 13–1649 as amended is to make mandatory an increased sentence when a defendant has previously been convicted in this state. In 1969 our legislature added Section C to the statute. That section reads:

"The court *in its discretion may* allow the allegation of a prior conviction any time prior to trial, provided that when the allegation is filed, the state must make available to the defendant a copy of any material or information obtained concerning the prior conviction." (Emphasis added).

In denying the appellee's request to file the addendum, the trial court stated:

"This man is faced with enough in the judgment of this court, so we will deny the motion to add the addendum to the indictment."

In finding this an abuse of discretion, the Court of Appeals reasoned that if an allegation of a prior conviction was filed before trial, it must be accepted as ". . . the only legislatively-imposed limitation upon the prosecutor is that allegations of priors be filed prior to trial and that the defendant be furnished information relative thereto. . . ." 504 P.2d at 71–72.

In so holding, the Court of Appeals has engaged in a tortured construction of the words contained in A.R.S. § 13–1649(C). We agree that the decision to file an allegation of a prior conviction rests in the hands of the prosecutor. It does not follow that once the prosecutor makes the decision to file the allegation and said allegation is filed prior to trial that the trial court must accede to this decision. If that was the case, there would be no need to invest any discretion whatsoever in the trial court.

Our opinions in State v. Russell, 108 Ariz. 549, 503 P.2d 377 (1972), and State v. Norgard, 108 Ariz. 435, 501 P.2d 377 (1972), have both held that the decision to allow an allegation of a prior conviction to be filed lies in the sound discretion of the trial court.

Since the statute vests the decision within the discretion of the trial court, we will not disturb that decision unless an abuse of discretion is readily apparent. The facts of the case at bar do not constitute such an abuse. The decision of the Court of Appeals is vacated and we remand this case to the Superior Court for proceedings consistent with this opinion.

CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

HOLOHAN, Justice (dissenting).

Much of that which is stated by the majority is accepted by me as good law, but it is the application of the principles which finds me in disagreement with the decision of the majority. In my view, the actions of the trial judge in this case were arbitrary and without sound basis in the law; hence an abuse of discretion.

Whenever a statute speaks in terms of the discretion of the court, it means a sound legal discretion. The principles involved in how we measure such sound legal discretion have been stated in a number of Arizona decisions. See, especially, Re Welisch, 18 Ariz. 517, 163 P. 264 (1917); Bowman v. Hall, 83 Ariz. 56, 316 P.2d 484 (1957). As Judge Eubank of the Court of Appeals has characterized it, "Judicial discretion then is really legal discretion to be exercised in discovering the course of action prescribed by the law." Santanello v. Cooper, 12 Ariz.App. 123 at 127, 468 P.2d 390 at 394 (1970).

**72**

The Court of Appeals in the principal case [State v. Jacobson, in and for County of Pima, 18 Ariz.App. 538, 504 P.2d 69 (1973)] points out that the purpose of the habitual criminal statutes is to enhance the punishment of criminal offenders shown to have a record of prior crimes. Additionally, it must be noted that the habitual criminal statutes also provide a greater minimum sentence for the subsequent offense.

The majority quote the comment of the trial judge, and in effect it states that the trial judge decided that the defendant was faced with enough charges, and that the State would not be allowed to add an allegation of a prior conviction. It is true that the indictment was in six counts, five for burglary and one for unlawful possession of marijuana, but the allegation of a prior conviction would require a greater minimum sentence than that prescribed for any of the offenses charged. The argument that a trial judge could give consecutive sentences and achieve the purpose is without merit, for the habitual criminal statutes remove a great deal of the discretion from the trial judge in the range of sentence to be imposed and substitute the requirement of the statute for a greater minimum and maximum sentence.

The State sought to amend the indictment to include an allegation of a prior conviction (grand theft). There was no question raised as to the timeliness of the motion—the trial date was almost a month away. There was no question raised as to the sufficiency of the allegation or question as to the fact of conviction. Apparently the sole reason for the denial of the State's motion was that the judge thought that the defendant was faced with enough charges. In my view this is not sound judicial discretion. Judicial discretion or judgment must rest on a sound application of the law to the facts, and the indulgence of a judicial whim is not the exercise of discretion.

In my view the decision of the Court of Appeals in this cause was correct and should have been approved as the judgment of this Court.