568 P.2d 424

**The STATE of Arizona, Petitioner,**

v.

**Honorable Ben C. BIRDSALL, Judge of the Superior Court of Pima County, State of Arizona, Respondent,**

and

**Casimiro F. HERRERA, Real Party in Interest.**

**No. 2 CA–CIV 2400.**

Court of Appeals of Arizona, Division 2.

Jan. 4, 1977.

Rehearing Denied Feb. 28, 1977.

Review Granted March 29, 1977.

Stephen D. Neely, Pima County Atty., by Paul S. Banales, Deputy County Atty., Tucson, for petitioner.

John M. Neis, Pima County Public Defender, by James E. Sherman, Asst. Public Defender, Tucson, for real party in interest.

## OPINION

HATHAWAY, Judge.

Does the superior court have the power to strike or dismiss an allegation of a prior conviction included in a grand jury indictment? The respondent court did so, upon motion of the defendant, prior to adjudication of guilt of the prior conviction. The court, in granting the motion, gave as its reason that it believed it should have discretion in the sentencing and that the charge of which the defendant had been found guilty (burglary, first degree) carried a maximum penalty of 15 years in the state prison.

A.R.S. § 13–1649, providing for enhanced punishment for a repeat offender, states in pertinent part:

"B. The punishment prescribed by this section shall be substituted for those prescribed for a first offense if the previous conviction is charged in the indictment or information and admitted or found by the jury.

C. The court in its discretion may allow the allegation of a prior conviction at any time prior to trial, provided that when the allegation is filed, the state must make available to the defendant a copy of any material or information obtained concerning the prior conviction."

In *State v. Jacobson*, 110 Ariz. 70, 515 P.2d 27 (1973), our Supreme Court construed subsection (C), supra, stating:

"We agree that the decision to file an allegation of a prior conviction rests in the hands of the prosecutor. It does not follow that once the prosecutor makes the decision to file the allegation and said allegation is filed prior to trial that the trial court must accede to this decision.

**118**

If that was the case, there would be no need to invest any discretion whatsoever in the trial court." 110 Ariz. at 71, 515 P.2d at 28.

We are of the opinion that the proper interpretation of this language and the wording of A.R.S. § 13–1649(C), is that the trial court is not bound by the prosecutor's decision to file an allegation of a prior conviction, regardless of when the decision is made. As we see it, a contrary construction would amount to a denial of equal protection of the laws. In other words, the fortuitous circumstance of having information as to the prior conviction readily available so that it could be charged in the indictment or information, would foreclose a defendant from having the court exercise its discretion as to allowing the allegation of a prior. Such interpretation would amount to an invidious discrimination which the law does not sanction. We hold, therefore, that the trial court upon a proper showing, may exercise its discretion to allow an addendum to an indictment or information alleging a prior conviction, or, if the prior is alleged in the accusatory pleading, may order it stricken.

We do not agree with petitioner that *State v. Davis*, 108 Ariz. 335, 498 P.2d 202 (1972), and *State v. Mendibles*, 25 Ariz.App. 392, 543 P.2d 1149 (1976), mandate a contrary holding. In *State v. Davis*, supra, our Supreme Court held that the trial court had no inherent power to strike or dismiss two previous convictions alleged in the accusatory pleading. The distinction between *State v. Davis* and the case at bench is that Davis was charged with violation of the Uniform Narcotic Drug Act and was to be sentenced under A.R.S. § 36–1002.07. Subsection (C) of this penalty statute, requires that the previous convictions "shall be charged in the indictment or information", and thus we see that the prosecutor has no discretion in the matter; he *must* charge the previous conviction and the defendant cannot be treated as a first offender. In the instant case, the prosecutor had a choice and since he could exercise prosecutorial discretion as to alleging a prior conviction, the trial court which has the ultimate responsibility for

sentencing, cannot be deprived of a like discretion. In *State v. Mendibles, supra*, we merely held that judicial approval is not required when the indictment includes the allegation of a prior conviction, but is only required when addition of such allegation is sought.

Since we are of the opinion that the respondent court had the power to strike the allegation of a prior and petitioner has not demonstrated an abuse of discretion, we do not interfere. Relief denied.

HOWARD, C. J., and JACK T. ARNOLD, Superior Court Judge, concur.

NOTE: Judge JACK T. ARNOLD was called to sit and participate in the determination of this matter by order of the Chief Justice, Arizona Supreme Court.