581 P.2d 229

The STATE of Arizona, Appellee,

v.

Leon Mark GILBERT, Appellant.

No. 4163.

Supreme Court of Arizona,
In Banc.

May 30, 1978.

Rehearing Denied July 18, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

Defendant Leon Mark Gilbert appeals from the jury determination, after a verdict of guilt to the crime of armed robbery, A.R.S. §§ 13–641 and 643, that he also had been previously convicted of two felonies. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We must answer two questions on appeal:

1. Was it error to allow the same jury that had found defendant guilty of armed robbery to also consider the correctness of the allegation of prior convictions?
2. Was it error to deny defendant's motion to sever the hearing on the two prior convictions?

The facts necessary for a determination of this matter are as follows. Defendant was charged with the crime of armed robbery. Allegations of prior convictions for

armed robbery in San Diego County, California, and for robbery in Orange County, California, were filed prior to trial. Defendant denied both prior convictions.

After a jury verdict of guilty, the question of the truth of the prior convictions was submitted over defendant's objection to the same jury which found defendant guilty as charged. The jury found the truth of the prior convictions and the trial court then determined that the evidence was insufficient to support a finding that the prior armed robbery was committed with a gun and applied the general recidivist statutes, A.R.S. §§ 13–1649 and 1650, rather than the specific statute providing for enhancement for a prior conviction while armed with a gun. A.R.S. § 13–643(B). Defendant was sentenced to not less than 10 years nor more than 10 years and 3 months, and appeals.

## WAS THE DEFENDANT ENTITLED TO A NEW JURY ON THE PRIOR CONVICTIONS?

Defendant contends that he was denied a fair and impartial jury trial on the issue of his prior convictions because the same jury which convicted him of the crime charged also determined the truth of the prior convictions and was therefore no longer an impartial jury. Our criminal rules read:

"b. *Proceedings When Defendant is Charged With Prior Convictions.* In all prosecutions in which a prior conviction is alleged, unless such conviction is an element of the crime charged, the procedure shall be as follows:

(1) The trial shall proceed initially as though the offense charged were a first offense. When the indictment, information or complaint is read all reference to prior offenses shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning prior offenses, except as permitted by the rules of evidence.

(2) If the verdict is guilty, the issue of the prior conviction shall then be tried, unless the defendant had admitted the prior conviction." Rule 19.1(b), Rules of Criminal Procedure, 17 A.R.S.

It is true that the defendant is entitled to a jury determination of the truth of the allegation of prior conviction once the defendant is convicted of the offense charged and that the burden is upon the State to prove the prior conviction beyond a reasonable doubt. *State v. Pennye,* 102 Ariz. 207, 427 P.2d 525 (1967); *State v. Cobb,* 2 Ariz.App. 71, 406 P.2d 421 (1965). If the defendant admits the prior conviction during testimony at the trial, the court may, without submitting the matter to the jury, find that the allegation of prior conviction is, in fact, true. *State v. Seymour,* 101 Ariz. 498, 421 P.2d 517 (1966); *State v. McMurry,* 20 Ariz.App. 415, 513 P.2d 953 (1973). If the defendant denies the allegation of the prior conviction, the matter is submitted to the same jury for determination.

The rule [19.1(b)] protects the defendant from having the fact of a prior conviction prejudice him in the determination of his guilt or innocence of the crime charged. The defendant does not, however, suffer this same prejudice when a jury is determining the truth or falsity of a prior conviction after the conviction of the defendant for the offense charged. The question is not one of guilt or innocence of a prior crime, but merely truth or falsity of the fact of the prior conviction. We see no reason why the same jury which has determined defendant's guilt of the crime charged cannot then, when properly instructed, fairly and impartially determine the truth or falsity of the allegations of prior convictions. We find no error.

## SHOULD THE COURT HAVE SEVERED?

Defendant contends that the trial court erred in not severing the two jury determinations of the truth or falsity of the two prior convictions. Defendant contends that the jury's knowledge of one prior conviction would prejudice its finding in another. Again we do not agree.

Multiple count trials are frequently held and the juries often return verdicts of guilty as to some counts and not guilty as to other counts. Just as juries are asked to consider more than one criminal charge in the same trial, they can fairly and impartially consider more than one prior conviction at the same time. We find no error.

Affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN, HAYS and GORDON, JJ., concurring.