**Michael KNUCKLES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A02–8901–CR–20.**

Court of Appeals of Indiana, Second District.

Jan. 31, 1990.

---

Eric Koselke, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Michael Knuckles appeals his convictions for auto theft and resisting law enforcement.

We affirm.

## ISSUES

I.   Whether the evidence is sufficient to support his convictions.

II.   Whether the trial court erred in admitting certain documents.

III.   Whether the evidence is sufficient to sustain the determination he is an habitual offender.

IV.   Whether the trial court impermissibly restricted his final argument during the habitual offender stage of the proceedings.

## FACTS

Officer Linville of the Beach Grove Police Department conversed with Knuckles during the late evening of August 29, 1987 for eight minutes on a well-lit Beech Grove parking lot.   In the early morning hours of the 30th, Officer Linville pursued a van that failed to stop at a stop sign at 9th and Churchman.   When the van eventually stopped, Officer Linville parked his vehicle so its lights illuminated the driver's side of the van.   Officer Linville saw Knuckles dive from the van, land on his hands and knees facing Linville, and then flee.   The van was stolen.   Knuckles was convicted of auto theft and resisting law enforcement and brings this appeal.

## DECISION

### I.

■ Knuckles claims the evidence is insufficient to sustain his convictions based upon his identification as the individual in the stolen van. As aptly noted by the State, "In sum, then, Sergeant Linville said he recognized the Defendant, and the jury believed him. The issue is as simple as that." Appellee's Brief at 5. We agree. Officer Linville's identification of Knuckles after having adequate opportunity to observe him on the two relevant occasions is evidence from which a reasonable factfinder could determine the State met its burden of proof.

### II.

### A.

■ Knuckles argues the trial court, over his objection, erred in admitting two arrest records into evidence during the habitual offender phase of his trial. He argues the State failed to present an adequate foundation under the business records exception to the hearsay rule because the sponsor of the records was unable to "substantiate" who made the entries, and was unable to "substantiate" the unknown entrants had a business duty to record the entries or that they were recorded at the time of the event.

The proper foundation for business records is well established.

[I]n regard to the business records exception to the hearsay rule, the sponsor of an exhibit offered under this exception need not have personally made it, filed it, or had firsthand knowledge of the transaction represented by it. Such a person need only show that the exhibit was part of certain records kept in the routine course of business and placed in the records by one who was authorized to do so and who had personal knowledge of the transaction represented at the time of the entry.

Belcher v. State (1983), Ind., 453 N.E.2d 214, 219. However, the necessary foundation is facilitated by two rebuttable presumptions.

It was not necessary, as Appellant contends, that the entering witness be able to specifically testify that he knew the person who entered the information on the documents had personal knowledge. Records contained in the usual course of business are presumed to have been placed there by those who have a duty to so record and have personal knowledge of the transaction represented by the entry, unless there is a showing to the contrary.

Lyons v. State (1987), Ind., 506 N.E.2d 813. Here, the arrest records were sponsored by an Indianapolis police officer who testified he was keeper of the records. He testified the arrest records were part of the records under his custody. This is the same foundation that was held sufficient in Lyons. In addition, the officer testified the records were kept in the routine course of business and the entries were placed in the record at or near the time of the arrest by a person with the business duty to do so. That person was the arresting officer or "somebody near the officer...." Record at 218.

The trial court properly admitted the two arrest records into evidence under the business records exception to the hearsay rule.[1]

### B.

■ Knuckles claims the trial court erred in admitting into evidence the two commitments without documentation establishing the special judges who names appear on the commitments had been properly selected and qualified as special judges. Knuckles does not support his asserted error either with authority or with compelling argument. In any event, the commitments were certified. No other foundation is necessary. Indiana Rules of Procedure, Trial Rule 44(A)(1); IC 34-1-17-7 (1988).

The trial court properly admitted the commitments into evidence.

---

1. It necessarily follows that there is no merit to Knuckles's claim the trial court erred in admitting the fingerprint analysis evidence because his asserted error assumes error in admitting the arrest records.

### III.

Knuckles argues the evidence is insufficient to support the determination he is an habitual offender because the State failed to establish the date of the commission of the offenses of which he was presently convicted (underlying offenses) and the date of arrest for the first alleged prior unrelated felony. Therefore, according to Knuckles, the State failed to meet its burden of proving he is an habitual offender.

The evidence is sufficient. State's Exhibit 8 consists of an information and a commitment which evidences Knuckles was charged with a June 14, 1980 burglary of a school in Cause No. CR80-222D; he was sentenced for that burglary on September 23, 1980. This burglary necessarily occurred before the second alleged prior unrelated felony, the burglary of a dwelling which occurred on May 8, 1983, for which Knuckles was initially sentenced on August 31, 1983. Thus, the evidence is the prior convictions comply with the sequential statutory requirement. IC 35-50-2-8 (1988); Mears v. State (1989), Ind., 533 N.E.2d 140 (second prior felony must be committed after defendant sentenced for first prior felony).

Also, there is sufficient evidence of the date of the commission of the underlying offenses. The evidence in the guilt phase of Knuckles's trial is the underlying felonies were committed on or about August 30, 1987, after Knuckles's commission, conviction and sentencing for the two alleged prior unrelated felonies.

The guilt and habitual offender phases of Knuckles's trial were bifurcated; nevertheless, it is the same trial. Badelle v. State (1982), Ind., 434 N.E.2d 872.

This Court has previously held that the habitual offender phase of the proceeding does not constitute a separate trial.... In an action between the State and a criminal defendant in which the latter is charged with the commission of an offense and with being an habitual offender, one issue raised therein is whether a sentence imposed for the commission of the offense should be enhanced because of prior criminal activity.

As such the state of the proceedings at which evidence of this activity is presented is an integral part of the trial of the issues formed in the case. Id. at 876. Evidence admitted during the guilt phase is before the fact finder during the habitual offender phase; in addition, other evidence, inappropriate during the guilt phase, is presented. Much of the evidence introduced in the guilt phase is immaterial because it is not relevant to the limited issues in the habitual offender phase. Accordingly comment or argument based upon that evidence is improper. E.g. Taylor v. State (1984), Ind., 468 N.E.2d 1378. However, evidence of the date the underlying offenses were committed does not fall within this classification. That evidence, offered during the guilt phase, is material; it obviously is relevant; and it is appropriate to consider that evidence in resolving the issues in the habitual offender phase.

The evidence is sufficient to sustain the jury's determination that Knuckles committed and was sentenced for the two alleged prior unrelated felonies before committing the underlying felonies.

### IV.

For his final asserted error Knuckles claims the trial court erred when it refused to allow his counsel to "read constitutional law to the jury." Appellant's Brief at 27. There is no error. The "law" Knuckles wanted to read was Article 1, Section 19 of the Indiana Constitution which describes the jury's right to determine the law and the facts in criminal cases. The State's objection was overruled and Knuckles read that passage to the jury. Further, he argued it to the jury who heard the provision again in the final instructions. Knuckles suffered no harm.

Judgment affirmed.

SULLIVAN and MILLER, JJ., concur.