956 P.2d 1237

**STATE of Arizona, Respondent,**

v.

**John Howard KETCHUM, Petitioner.**

**No. 1 CA–CR 96–629–PR.**

Court of Appeals of Arizona,
Division 1, Department E.

Sept. 16, 1997.

Review Denied April 21, 1998.

Terence C. Hance, Coconino County Attorney by John F. Beatty, Deputy County Attorney, Flagstaff, for Respondent.

John Howard Ketchum, Yuma, in propria persona.

OPINION

EHRLICH, Presiding Judge.

In this opinion, we address a narrow issue regarding the bifurcated trial of an offense enhanced by the allegation of a prior felony conviction: Whether evidence admitted during the "guilt phase" of the trial later may be considered by the jury to determine whether the defendant was convicted of the alleged prior felony. We hold that consideration of such evidence is proper.

*FACTUAL AND PROCEDURAL
BACKGROUND*

In October 1988, John Howard Ketchum was tried on an indictment charging him with one count of possession and one count of transportation of narcotic drugs for sale, class 2 felonies. During the guilt phase of the trial, the prosecutor elicited from an arresting officer Ketchum's birthdate, his Social Security number and the fact that Ketchum stated that he was born in Arkansas. After guilty verdicts were returned, the state's allegation of a prior felony conviction was tried to the same jury. In his closing statement, the prosecutor referred to evidence documenting a 1971 felony conviction for second-degree burglary from Sacramento County, California. The prosecutor argued:

> [Y]ou will note on here that it identifies a person ... known as John Wesley Ketchum. That person was born in Arkansas, and if you will recall what I asked Officer Hall, ... the defendant said that he was born in Arkansas.
>
> He gave a Social Security number. It's the same Social Security number as this person.
>
> He also gave a date of birth, and that's the same date of birth as this person.

Ketchum's trial counsel made no objection to this argument. The jury determined that Ketchum had been convicted of the California offense. Ketchum's convictions and sentences were affirmed on appeal. *State v.*

*Ketchum,* 1 CA–CR 89–082, Memo. Dec. at 10 (App. June 5, 1990).

Ketchum filed a notice of post-conviction relief in October 1994. ARIZ. R. CRIM. P. ("Rule") 32. Among other claims, he asserted that he received ineffective assistance of counsel because his attorney failed to object to this reference of the prosecutor, during closing argument in the trial of the prior felony conviction, to identification testimony admitted during the guilt phase of the trial. The trial court summarily dismissed the claim and Ketchum petitioned for review.

## DISCUSSION

■ A trial court may summarily dismiss a petition for post-conviction relief only if it determines that no "material issue of fact or law [exists] which would entitle [the petitioner] to relief under this rule. . . ." Rule 32.6(c). In contradistinction, in order to receive an evidentiary hearing, the petitioner must present a "colorable claim"—one which, if true, could have changed the outcome in the trial court. *State v. Watton,* 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990). An appellate court will reverse a trial court's summary dismissal only if it affirmatively appears that there was an abuse of the trial court's discretion. *Id.* at 325, 793 P.2d at 82.

To raise a colorable claim of ineffective assistance of trial counsel, the petitioner must allege (1) the deficient performance of counsel in that his counsel's actions fell below the objective standards of representation measured by prevailing professional norms and (2) that his counsel's deficient performance resulted in prejudice to him. *State v.*

*Rankovich,* 159 Ariz. 116, 122, 765 P.2d 518, 524 (1988). A court need not address both parts of the test if the petitioner makes an insufficient showing on one. *Id.*

■ We find no abuse of discretion in the trial court's summary dismissal of Ketchum's claim. Because the prosecutor's reference to testimony admitted during the guilt phase of the trial was proper, Ketchum's counsel did not render deficient performance by failing to object.

■ The statute guiding the analysis of the enhancement of a sentence by proof of a prior conviction, former ARIZ.REV.STAT. ANN. ("A.R.S.") section 13–604(K) (1989),[1] does not directly address Ketchum's claim. The relevant criminal rule, Rule 19.1(b),[2] is similarly silent. However, both the statute and the rule imply that guilt-phase testimony may be relevant to determining the existence of the prior conviction since each provision dispenses with proof of the conviction if it has been "admitted." That is, "[i]f the defendant admits the prior conviction during testimony at the trial, the court may, without submitting the matter to the jury, find that the allegation of prior conviction is, in fact, true." *State v. Gilbert,* 119 Ariz. 384, 385, 581 P.2d 229, 230 (1978). If the testimony of the defendant at the guilt phase of trial can be dispositive of the allegation of a prior conviction, it is reasonable to conclude that other evidence admitted during the guilt phase, like the identification evidence at issue here, should be available to the jury regardless whether it is offered again during the trial of the prior conviction.

1. In pertinent part, the statute provided:

   The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction . . . is charged in the indictment or information and admitted or found by the trier of fact. . . . Before the trial on the charge of the previous conviction . . . the charge of previous conviction . . . shall not be read to the jury.

   A parallel provision is currently codified in A.R.S. section 13–604(P) (Supp.1996). It requires that the allegation of a prior conviction be found true by the court rather than by the trier of fact.

2. This rule provides:

b. Proceedings When Defendant is Charged With Prior Convictions. In all prosecutions in which a prior conviction is alleged, unless such conviction is an element of the crime charged, the procedure shall be as follows:

   (1) The trial shall proceed initially as though the offense charged were a first offense. When the indictment, information or complaint is read all reference to prior offenses shall be omitted. During the trial of the case no instructions shall be given, reference made, nor evidence received concerning prior offenses, except as permitted by the rules of evidence.

   (2) If the verdict is guilty, the issue of the prior conviction shall then be tried, unless the defendant has admitted the prior conviction.

We note that A.R.S. section 13–703(C) (Supp.1996), governing capital sentencing, expressly authorizes the court to consider evidence which was admitted in the guilt phase of trial. This provision states: "Evidence admitted at the trial, relating to ... aggravating or mitigating circumstances, shall be considered without reintroducing it at the sentencing proceeding."

Allowing the same jury to consider evidence that it heard before rendering its guilty verdict is not inconsistent with the purpose of a bifurcated trial, which is to protect "the defendant from having the fact of a prior conviction prejudice him in the determination of his guilt or innocence of the crime charged." *Gilbert*, 119 Ariz. at 385, 581 P.2d at 230. Cases cited by Ketchum in support of his argument that the guilt phase and prior-conviction trial are separate proceedings do no more than acknowledge that purpose. *See State v. Kiper*, 181 Ariz. 62, 69, 887 P.2d 592, 599 (App.1994); *State v. Jacobson*, 18 Ariz.App. 538, 540, 504 P.2d 69, 71 (1972), *vac.*, 110 Ariz. 70, 515 P.2d 27 (1973). It may be wise that a jury be insulated from the existence of a prior conviction when it determines the defendant's guilt in order that it not convict the defendant because he is a "bad person." *See* ARIZ. R. EVID. 404. However, this proposition does not somehow imply that, reciprocally, properly-admitted evidence from the guilt phase of the trial may not be considered during the trial of the prior conviction. *Cf. Gilbert*, 119 Ariz. at 385, 581 P.2d at 230 (fact that the same jury has determined the defendant's guilt does not render it incapable of fairly determining the truth of an allegation of a prior conviction). Absent clear direction in the rule or statute, we find no reason to erect a barrier to the jury's subsequent consideration of relevant evidence simply because it was admitted during the guilt phase of the trial.

The only two cases from other jurisdictions addressing this issue support the same conclusion. In *People v. Elmore*, 225 Cal.App.3d 953, 275 Cal.Rptr. 315, 317 (1990), the California appellate court rejected the argument that the defendant's trial testimony could not be used to support a finding by the trial court that he had served a prison sentence for a prior conviction. Noting that the defendant failed to offer any authority for the argument that the evidence had to be admitted during the trial of the prior conviction, the court properly said: "To preclude the court from considering evidence properly before it during another part of the trial would be unnecessarily rigid and would hamper, rather than further, the interests of justice." *Id.*

Similarly, in *Knuckles v. State*, 549 N.E.2d 85, 88 (Ind.App.1990), the court rejected a claim that evidence admitted during the guilt phase could not be considered by the jury determining the existence of prior felonies.

Evidence admitted during the guilt phase is before the fact finder during the habitual offender phase; in addition, other evidence, inappropriate during the guilt phase, is presented. Much of the evidence introduced in the guilt phase is immaterial because it is not relevant to the limited issues in the habitual offender phase. Accordingly comment or argument based upon that evidence is improper. However, evidence of the date the underlying offenses were committed does not fall within this classification. That evidence, offered during the guilt phase, is material; it obviously is relevant; and it is appropriate to consider that evidence in resolving the issues in the habitual offender phase.

*Id.* (citation omitted).

We grant review of the petition and deny relief.

VOSS and SULT, JJ., concur.