NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

RICKY LEE GINGERICH, *Petitioner*.

No. 1 CA-CR 13-0363 PRPC

---

Petition for Review from the Superior Court in Yuma County
No. S1400CR201000133
The Honorable Lisa W. Bleich, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF GRANTED**

---

COUNSEL

Yuma County Attorney's Office, Yuma
By Jon R. Smith
*Counsel for Respondent*

Ricky Lee Gingerich, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

**¶1** Ricky Lee Gingerich seeks review of the trial court's summary dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We grant review and, for the following reasons, remand the case to the trial court for an evidentiary hearing.

**¶2** A jury convicted Gingerich of burglary in the second degree and he was sentenced as a repetitive offender to a presumptive prison term of 11.25 years. This court affirmed his conviction and sentence on direct appeal. *State v. Gingerich*, 1 CA-CR 11-0084, 2012 WL 75630 (Ariz. App. Jan 10, 2012) (mem. decision).

**¶3** Gingerich filed a timely notice of post-conviction relief and thereafter filed a petition and supporting affidavit alleging he was unlawfully sentenced as a repetitive offender and that his counsel failed to provide effective assistance during plea negotiations. His claim of ineffective assistance of counsel was based on allegations that his trial lawyer failed to properly inform and counsel him about the consequences of the State's two plea offers. Gingerich subsequently withdrew his claim of unlawful sentence before the trial court ruled on his petition.

**¶4** The trial court summarily dismissed the petition. The court found that the petition failed to state a colorable claim of ineffective assistance of counsel because: (1) the first plea agreement could not have been accepted given that it was conditioned on Gingerich not having any prior felony convictions; and (2) Gingerich had adequate time to consider the second plea offer before it was withdrawn. The court later denied Gingerich's motion for rehearing, and he filed this petition for review.

## ANALYSIS

**¶5** On review, Gingerich limits his challenge to the trial court's summary dismissal of his petition for post-conviction relief on his claim that his lawyer was ineffective in regards to the second plea offer. We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).

**¶6** A trial court may summarily dismiss a petition for post-conviction relief only if it determines that none of the claims "presents a material issue of fact or law which would entitle the defendant to relief." Ariz. R. Crim. P. 32.6(c); *State v. Ketchum*, 191 Ariz. 415, 416, 956 P.2d 1237, 1238 (App. 1997). A defendant, as a result, is entitled to an evidentiary

hearing if he presents a colorable claim. *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988). A colorable claim is one that, if the allegations are true, might have changed the outcome. *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993).

¶7 Although there is no constitutional right to a plea agreement, "once the State engages in plea bargaining, the defendant has a Sixth Amendment right to be adequately informed of the consequences before deciding whether to accept or reject the offer." *State v. Donald*, 198 Ariz. 406, 413, ¶ 14, 10 P.3d 1193, 1200 (App. 2000). Accordingly, "a defendant may state a claim for post-conviction relief on the basis that counsel's ineffective assistance led the defendant to make an uninformed decision to reject a plea bargain and proceed to trial." *Id.*

¶8 To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient under prevailing professional norms and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Here, in his affidavit in support of his petition, Gingerich stated that although his lawyer told him about the second plea offer, his lawyer never explained the terms of the agreement or the consequences of not accepting the agreement, which included the possibility of being sentenced to prison for 11.25 years. Gingerich further alleged that if he had been fully informed of the terms of the plea offer and the risk he faced in going to trial, he would have accepted the five-year plea offer.

¶9 Gingerich's affidavit, as a result, makes a colorable claim of ineffective assistance of counsel. The trial court, however, based its decision to summarily dismiss the petition on the fact that the plea offer had been open for several months before it was withdrawn. The fact that the offer was open for some time before it was withdrawn does not negate the lawyer's responsibility to advise his client of the terms of the plea agreement and the consequences of not accepting the plea agreement. If the lawyer never advised him about the consequences of not accepting the plea, the passage of time adds nothing to the analysis. An evidentiary hearing, on the other hand, would have revealed what the lawyer told Gingerich about the plea offer and its consequences, as well as what the sentence could be if there was an adverse verdict.

¶10 Moreover, a defendant must also make a colorable claim of prejudice. One way to show prejudice after allegedly rejecting a plea offer is for a defendant to show a reasonable probability that, absent his attorney's deficient performance, he would have accepted the offer and not

gone to trial. *Donald*, 198 Ariz. at 414, ¶ 20, 10 P.3d at 1201. Here, the difference between the sentence in the plea offer of five years in prison and the presumptive prison sentence of 11.25 years after trial, is sufficient to make a showing of prejudice to support his claim that he would have taken the plea offer if he had been properly informed and advised by counsel. *See id.* at ¶ 22. Because of the sworn allegations in Gingerich's affidavit regarding his trial lawyer's failure to inform him of the terms of the second plea offer, the consequences of rejecting it and being convicted and sentenced at trial if he proceeded, Gingerich made a colorable claim of ineffective assistance of counsel that could not be summarily dismissed in his first petition for post-conviction relief. Consequently, the summary dismissal was an abuse of discretion. *See id.* at ¶ 24.

¶11 Gingerich wants the State to re-offer the second plea offer to him. He is not entitled to such relief based solely on his petition and affidavit. He is, however, entitled to an evidentiary hearing on his claim. *See* Ariz. R. Crim. P. 32.8. It is only after the hearing, where Gingerich has the burden of proving his claim by a preponderance of the evidence, *see* Arizona Rule of Criminal Procedure 32.8(c); *State v. Verdugo*, 183 Ariz. 135, 139, 901 P.2d 1165, 1169 (App. 1995), that the court can make the required findings and decide what relief, if any, may be appropriate based on the evidence and the court's analysis of the evidence. *See* Ariz. R. Crim. P. 32.8(d).

## CONCLUSION

¶12 Based on our analysis, we grant review of the petition for review, and grant relief by remanding this case to the trial court for an evidentiary hearing consistent with this decision.